Ray Thomas WOODALL, Jr.,
Petitioner-Appellant,

v.

Charles A. FOTI, Jr., et al.,
Respondents-Appellees.

No. 79-3601
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

June 16, 1981.

Ray T. Woodall, Jr., pro se.

Freeman R. Matthews, Legal Staff, Orleans Parish Criminal Sheriff Dept., New Orleans, La., for respondents-appellees.

Before CHARLES CLARK, REAVLEY and WILLIAMS, Circuit Judges.

PER CURIAM:

Ray T. Woodall is an inmate in the Orleans Parish Prison. Acting *pro se*, he brought this action under 42 U.S.C. § 1983 against Charles A. Foti, the Orleans Parish Criminal Sheriff in charge of the parish prison, and against the Louisiana Department of Corrections, alleging that he had been denied medically necessary psychiatric care in derogation of his rights under the Eighth Amendment. The district court denied Woodall leave to proceed in forma pauperis, holding that his lawsuit was frivolous, and dismissed the case for failure to state a claim. We vacate and remand.

I.

Woodall's handwritten form petition alleges that he had been receiving psychiatric counseling twice weekly before he was incarcerated and that he had been diagnosed as a manic depressive with suicidal tendencies. He also alleges that he had previously been confined at the Southeast Louisiana Hospital in Mandeville, Louisiana, for treatment of pedophilia, a psychiatric condition in which the patient has an abnormal sexual desire for children, and that his incarceration resulted from his engaging in this deviant sexual practice. He states that he had written letters to Sheriff Foti requesting psychiatric counseling, that he had seen the Orleans Parish Prison psychiatrist, and that the psychiatrist had advised him that he was in need of psychiatric counseling but that the prison could not provide the type of counseling necessary for treating pedophilia. He sought injunctive relief requiring the parish prison to provide him with the psychiatric treatment appropriate for his condition.

The district court denied Woodall's motion to proceed in forma pauperis, but it permitted him to file his complaint without prepayment of fees and then ordered the case to be dismissed immediately thereafter. The district court held that Woodall's lawsuit was frivolous within the meaning of 28 U.S.C. § 1915(d) because it failed to state a claim cognizable under section 1983. The court recognized that deliberate indifference to the serious medical needs of prisoners could amount to cruel and unusual punishment. However, it concluded that Woodall's complaint did not allege such deliberate indifference by Foti since Woodall had seen the parish prison's staff psychiatrist who had told him that he could not provide treatment for pedophilia. The district court construed Woodall's complaint to be that the staff psychiatrist had determined Woodall's condition to be insufficiently serious to warrant further treatment. The court also apparently assumed that Woodall and the prison psychiatrist had merely disagreed about what kind of psychiatric treatment would be appropriate and then decided that such a difference of opinion would not state a cause of action under section 1983.

Shortly after the district court entered its order dismissing his complaint, Woodall filed two handwritten letters addressed to the district judge. In the first letter, Woodall insisted that the district court had misinterpreted his complaint, requested the court to reconsider its prior holding, and elaborated on the circumstances surrounding Sheriff Foti's denial of psychiatric treatment. Woodall denied that he and the prison psychiatrist had disagreed about the appropriate manner of psychiatric treatment. According to Woodall, the psychiatrist had not told Woodall that further treatment was unnecessary as the district court had apparently assumed. Rather, the psychiatrist said that psychotherapy was the medically indicated method of treat-

ment, that he was a chemotherapist unqualified to administer psychotherapy, and that his own heavy case load at the prison and other institutions prohibited his rendering effective medical assistance to Woodall. The letter alleges that Sheriff Foti categorically refused to provide specialized psychiatric treatment.

Woodall also provided additional background information concerning his prior psychiatric treatment. He explained that his depression was a reaction to his crime and the subsequent legal proceedings. Although he had been receiving regular psychiatric treatment, including drug therapy, his depression gradually grew more acute. Finally, after Woodall attempted to commit suicide, his psychiatrist recommended he be hospitalized. He then remained in the hospital's custody throughout his criminal trial but was "kept in virtual solitary confinement" in the Orleans Parish Prison for the first three and a half weeks of his imprisonment. He then alleged,

> Placing a person diagnosed to be a manic depressant etc. in such adverse circumstances, after having the day before, been under close psychiatric observation (to thwart plaintiff's possible suicide), in a state mental hospital, for even a day, showed deliberate indifference to plaintiff's health and well being.

Woodall further complained that the conditions of his prison confinement exacerbated the possibility of suicide and hampered the prospects of his medical recovery. Woodall requested to be placed under psychiatric observation in the prison's hospital ward.

In Woodall's second letter, he supplied billing records and other documents reflecting his hospitalization at the Southeast Louisiana Hospital in Mandeville, Louisiana.

The district court construed Woodall's letter pleadings as a "motion to review" but found nothing in the supplemental allegations to warrant reconsideration of its prior dismissal. No responsive pleadings were ever filed by the defendants. Apparently they were never served with process or any of these "pleadings."

## II.

This circuit has adopted a two-stage procedure for processing a prisoner's *pro se* civil rights complaint filed in forma pauperis under 28 U.S.C. § 1915. First, the district court should determine whether the plaintiff satisfies the economic eligibility criterion under section 1915(a). Upon a finding of economic justification, the court should allow the complaint to be docketed without prepayment of fees. Second, once leave has been granted, section 1915(d) allows the district court to dismiss the complaint prior to service of process if it determines the complaint to be frivolous or malicious and spare the defendant the inconvenience and expense of answering a frivolous complaint. *See Mitchell v. Beauboef*, 581 F.2d 412, 416 (5th Cir. 1978), *cert. denied*, 441 U.S. 966, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979); *Watson v. Ault*, 525 F.2d 886, 891–92 (5th Cir. 1976). Although the district court substantially complied with this procedure, it prematurely decided that Woodall's complaint should be dismissed as frivolous.

As to whether an action is frivolous under section 1915(d) we have said,

> In *Anderson v. California*, 1967, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493, 498, the Supreme Court defined a frivolous appeal as being one without arguable merit. In our view this same test or standard should be applied in the trial court but in terms of the arguable substance of the claim presented, both in law and in fact.

*Watson v. Ault*, 525 F.2d at 892. Moreover, because Woodall's complaint was dismissed for failure to state a claim, the court must accept its allegations as true. *Cooper v. Pate*, 378 U.S. 546, 546, 84 S.Ct. 1733, 1734, 12 L.Ed.2d 1030 (1964). A *pro se* complaint, however inartfully drafted, must be held to less rigorous standards than the formal pleadings prepared by lawyers and can only be dismissed for failure to state a claim if it appears " 'beyond doubt that the plaintiff can prove no set facts in support of his claim which would entitle him to relief.' " *Haines v. Kerner*, 404 U.S. 519, 520–21, 92

S.Ct. 594, 596, 30 L.Ed.2d 652, 654 (1972), quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957). *See Williams v. Rhoden,* 620 F.2d 1099, 1101 (5th Cir. 1980). Since the district court was willing to accept Woodall's letters to the judge as pleadings, those written after the court rules should have been construed as "an amendment to his complaint or an addition in the nature of an amendment." *McGruder v. Phelps,* 608 F.2d 1023, 1025 (5th Cir. 1980).

The gravamen of Woodall's section 1983 complaint is that he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment. It is now firmly established that the Eighth Amendment imposes an obligation on prison and jail administrators to provide reasonable medical care for those who are incarcerated. To a state a claim for relief under 42 U.S.C. § 1983 for denial of medical treatment, a prisoner must allege deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104–05, 97 S.Ct. 285, 291, 50 L.Ed.2d 251, 260 (1976); *Dickson v. Colman,* 569 F.2d 1310, 1311 (5th Cir. 1978). Woodall's allegations, liberally construed and accepted as true, are that he had been under a psychiatrist's care prior to his imprisonment, that he had been diagnosed as a pedophile and as a manic depressive with suicidal tendencies, that his crime was related to his illness, that he requires psychiatric treatment, that the prison psychiatrist had advised him that he needed psychiatric treatment which the prison could not provide, that the conditions of his confinement aggravated his medical needs, and that Sheriff Foti had refused to provide him with the necessary treatment. These allegations are sufficient to require that we remand for their consideration. When correctly viewed, it cannot be said that Woodall can prove no set of facts which would entitle him to relief. Therefore, dismissal on the pleadings was not appropriate.

In assessing the merits of a prisoner's claim for unconstitutional denial of psychiatric care, the district court should take into account a number of competing considerations in order to decide whether that denial amounts to deliberate indifference to his serious medical needs. On the one hand, it should consider the seriousness of the prisoner's illness, the need for immediate treatment, the likely duration of his incarceration, the possibility of substantial harm caused by postponed treatment, the prospects of some cure or substantial improvement in his condition, and the extent to which the prisoner presents a risk of danger to himself or other inmates. On the other hand, the court should consider the availability and expense of providing psychiatric treatment and the effect of such unusual care on ordinary jail administration. In balancing the needs of the prisoner against the burden on the penal system, the district court should be mindful that the essential test is one of medical necessity and not one simply of desirability. *Accord Bowring v. Godwin,* 551 F.2d 44 (4th Cir. 1977).

To decide whether a prisoner's claim that a denial of psychiatric treatment rises to the level of a constitutional deprivation, the district court need not necessarily hold an evidentiary hearing in every case before it determines the complaint should be dismissed. Claims of psychiatric or psychological disabilities present unique problems, and the courts have devised special procedural rules appropriate for treating them. For example, to safeguard the due process guarantee that a criminal defendant has sufficient ability to consult with his lawyers with a reasonable degree of rationality and possesses an understanding of the proceedings against him, the Supreme Court has announced a separate due process right to a competency hearing whenever the facts or events presented to the trial court raise a bona fide doubt as to the defendant's competency to stand trial. *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). *See Pedrero v. Wainwright,* 590 F.2d 1383, 1387 (5th Cir. 1979). In the habeas corpus context, the petitioner's initial burden is heavy, for he must show facts "sufficient to positively, unequivocally, and clearly generate a real, substantial, and legitimate doubt" of his

mental capacity. *Bruce v. Estelle*, 483 F.2d 1031, 1043 (5th Cir. 1973), subsequent opinion, 536 F.2d 1051 (5th Cir. 1976). The relevant factors in assessing competency are a defendant's past medical history, the opinion of psychiatric experts, and the defendant's behavior during trial. *Drope v. Missouri*, 420 U.S. 162, 180, 95 S.Ct. 896, 908, 43 L.Ed.2d 103, 118 (1975). *See Reese v. Wainwright*, 600 F.2d 1085, 1091 (5th Cir. 1979).

 A comparable approach is appropriate in the context of today's case. The district court is not required to allow process on a prisoner's in forma pauperis complaint merely because it alleges a deprivation of psychiatric care. The complaint must allege enough facts of prior psychiatric illness or treatment, of expert medical opinion, or of behavior clearly evincing some psychiatric ill to create a reasonable ground to believe that psychiatric treatment is necessary for his continued health and well-being. Woodall's allegations meet this initial burden. He has alleged prior hospitalization and treatment, a medical diagnosis and prescribed manner of treatment, and confirmation by the parish prison's staff psychiatrist. With this kind of allegations, the district court should not have dismissed Woodall's complaint as frivolous. The defendants should be served with a copy of the complaint, and the district court should hold whatever proceedings it determines are necessary to dispose of Woodall's claims on their merits under the balancing test we have set out above. Woodall has requested that the district court hold an evidentiary hearing, but, just as we express no view on the merits of Woodall's claim, we leave that decision to the district court after it has reconsidered Woodall's pleadings in light of this opinion.

VACATED AND REMANDED.