Kathy D. Jones, Mobile, Ala., for plaintiff-appellant.

Roderick P. Stout, Mobile, Ala., for Purvis.

John McCorvey, pro se.

Jack M. Curtis, Jean Williams Brown, Montgomery, Ala., for defendants-appellees.

Willie James **MITCHUM,**
Plaintiff-Appellant,

v.

Thomas **PURVIS, et al.,**
Defendants-Appellees.

No. 80–9077

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit B

July 13, 1981.

Before RONEY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

PER CURIAM:

Plaintiff Willie James Mitchum, a state prisoner serving a thirty-year sentence for second degree murder, filed this section 1983 action for various alleged constitutional violations arising out of his incarceration in the Mobile County Jail in Mobile, Alabama. Alleging arbitrary discipline as well as inadequate meals, laundry services and medical care, he sought both injunctive and monetary relief. Plaintiff was transferred to a state prison subsequent to the filing of this suit. He has been granted court-appointed counsel.

The United States Magistrate to whom this case had been referred *sua sponte* recommended its dismissal without prejudice. The magistrate, referring to this Court's suggestion in *Ballard v. Spradley,* 557 F.2d

---

476, 480 (5th Cir. 1977) to devise "imaginative and innovative" steps to deal with the increasing number of prisoner 1983 actions, offered as grounds for the recommendation of dismissal: (1) plaintiff is at a disadvantage in prosecuting the case because he is behind bars, and transporting the prisoner and other witnesses to hearings might present a security risk; (2) experience indicates that a significant number of inmate plaintiffs file 1983 suits "simply to have a brief respite in Court, away from the dull or onerous prison routine, a tendency which the Court should not unnecessarily encourage;" (3) such cases should be dismissed rather than stayed because they "clutter the files" of the court; and (4) because there is no statute of limitations problem, the suit could be refiled upon plaintiff's release should he be interested in pursuing it. The magistrate also noted plaintiff was no longer incarcerated in Mobile County Jail and was therefore no longer subject to the allegedly unconstitutional conditions. The district court adopted the recommendation and ordered the cause to be dismissed without prejudice, subject to its being refiled when plaintiff either returns to the Mobile County Jail or is released from incarceration.

■ While this Court in *Ballard* urged district courts to consider new methods for dealing with the flood of prisoner suits, we also noted that a prisoner was entitled to his "day in court." 557 F.2d at 480. As the Supreme Court held in *Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L.Ed.2d 935 (1974):

> The right of access to the courts ... is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights. It is futile to contend that the Civil Rights Act of 1871 has less importance in our constitutional scheme than does the Great Writ.

See also *Rudolph v. Locke*, 594 F.2d 1076 (5th Cir. 1979).

■ The present action could not be dismissed summarily for purposes of docket control or to discourage prisoner suits. While plaintiff is no longer incarcerated in the Mobile County Jail, his monetary claim remains valid even though injunctive relief may be moot. Plaintiff has counsel who can prosecute the action. The case is distinguishable from *Ball v. Woods*, 402 F.Supp. 803 (N.D.Ala.1975), *affirmed without opinion*, 529 F.2d 520 (5th Cir.), *cert. denied*, 426 U.S. 940, 96 S.Ct. 2660, 49 L.Ed.2d 393 (1976), where the district court, refusing to issue a writ of habeas corpus *ad testificandum*, held the absence of counsel rendered it impossible for the inmate plaintiff to continue his action prior to release and dismissed without prejudice. Nothing in this record indicates the cause could not be properly pursued by counsel. Any concern over the need to transport plaintiff or other prisoners to court should be considered if and when writs of habeas corpus *ad testificandum* are sought, rather than at this early stage in the suit. *See Ballard*, 557 F.2d at 480–81.

The judgment is vacated and remanded for further proceedings. Our decision, of course, does not mean this action may not be dismissed on other grounds, but only that the reasons offered for its present dismissal are inadequate.

VACATED AND REMANDED.