**Patricia GREEN, Plaintiff-Appellant,**

**v.**

**The CITY OF MONTEZUMA, GEORGIA, et al., Defendants-Appellees.**

**No. 81–7096**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit B

July 13, 1981.

Patricia Barron, Georgia Legal Services Program, Americus, Ga., James Head, Willie Abrams, Columbus, Ga., William J. Cobb, John L. Cromartie, Jr., Atlanta, Ga., for plaintiff-appellant.

Walter S. Chew, Jr., City Atty., Montezuma, Ga., for defendants-appellees.

Before HILL, FAY and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant, Patricia Green, sought the benefit of the *in forma pauperis* (IFP) statute, 28 U.S.C.A. § 1915 (West 1966),[1] in filing this civil rights suit pursuant to 42 U.S.C.A. § 1983 (West 1974). The district court found Green's complaint to be legally frivolous and denied her application to proceed IFP. We find the district court to have erred, and we reverse and remand.

Appellant Green's complaint alleges the following facts. Green is a resident of Montezuma, Georgia. Montezuma owns and operates the gas and water and sewerage utilities serving its citizens. Green alleges that in October, 1977, the city, without any prior notice, opportunity for an

1. 28 U.S.C.A. § 1915 (West 1966) provides in pertinent part:

(a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

. . . . . .

(d) The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

. . . . . .

evidentiary hearing, or appropriate findings with regard to the basis for termination, terminated her water, sewerage and gas services. Although her water and sewerage services have been terminated, she alleges the city has continued to charge her the minimum rate for these services pursuant to Ordinance No. 54.[2] The city has consistently refused to restore any service until Green has paid her account in full on all services. In December, 1979, Green obtained a monetary grant from the Energy Crisis Assistance Program ("ECAP") through the Macon County Department of Family and Children Services. Pursuant to this grant, ECAP made a $200 payment to the city. The city deemed the payment to be only for Green's gas bill and informed her it would not be accepted because it could not be applied toward her total utility bill. The city returned this payment to the Department of Human Resources.

Green seeks declaratory and injunctive relief, actual monetary damages, and punitive damages. She claims that the termination without notice violates her procedural due process rights, that the policy of refusing to restore any individual service until all utility bills are paid violates substantive due process, and that Ordinance No. 54, in presuming the use of water and authorizing charges for services not furnished or rendered, violates substantive due process. Green also alleges a pendent state claim.

The district court did not rule on whether Green qualified for IFP status. Instead, it apparently turned immediately to a determination of frivolousness as provided in 28 U.S.C.A. § 1915(d). The district court apparently misread Green's complaint, stating:

> Her dispute now seems to be as to the amount of money she must pay for her utilities to again be connected.
>
> The plaintiff can sue the defendants in the courts of this state for the purpose of a determination being made as to how much money she must lawfully pay for her utility services to be reconnected. . . . In view of this, it is this court's considered judgment that plaintiff's constitutional claim is *de minimus* and not sufficient in magnitude to invoke the jurisdiction of this United States Court. In the court's best judgment, plaintiff's complaint in its entirety is legally frivolous and may not proceed *in forma pauperis.*

After finding the complaint frivolous, the district court ordered that the complaint and IFP application be filed "for record purposes only."[3] This court granted Green leave to appeal IFP.

Section 1915(d) provides a district court a measure of control over IFP suits by allowing the court to dismiss a case when an action is frivolous or malicious. A court's authority to dismiss under § 1915(d) is broader than dismissal under Fed.R.Civ.P. 12. *Jones v. Bales*, 58 F.R.D. 453 (N.D.Ga.1972), *aff'd. for reasons stated in district court order*, 480 F.2d 805 (5th Cir. 1973); *Boyce v. Alizaduh*, 595 F.2d 948 (4th

2. Ordinance No. 54 reads as follows:

   AN ORDINANCE REQUIRING THE PAYMENT OF MINIMUM RATE BY ALL NON-SUBSCRIBERS USING WATER OF THE CITY OF MONTEZUMA.

   Every household residing in the City of Montezuma, and every partnership, corporation or other firm, whether residential or business, which shall not subscribe to the water services supplied by the water department of the said City, shall be presumed to have obtained water from the water system of the said City and shall be charged the minimum rate per month in effect in the City generally for such services; except however, that such charge shall not be made when the minimum charge has been paid by another, such as a landlord.

3. In dismissing Green's complaint under § 1915(d) without having made a ruling on her IFP application under § 1915(a), the district court failed to follow proper procedure. In *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976), we stated:

   > [W]here the in forma pauperis affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question presented under Section 1915(d) of whether the asserted claim is frivolous or malicious.

   *Accord Mitchell v. Beaubouef*, 581 F.2d 412 (5th Cir. 1978), *cert. denied*, 441 U.S. 966, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979); *Taylor v. Gibson*, 529 F.2d 709 (5th Cir. 1976); *Carter v. Thomas*, 527 F.2d 1332 (5th Cir. 1976); and *Campbell v. Beto*, 460 F.2d 765 (5th Cir. 1972).

Cir. 1979). There are good reasons for this broader grant of power to dismiss. Persons proceeding IFP need not pay the customary costs of other litigants. This, of course, increases the temptation to file complaints with facts which cannot be proved or claims which are legally questionable. *See Jones v. Bales, supra.*[4] Nevertheless, in evaluating the legal sufficiency of a complaint for purposes of § 1915(d), we apply the customary standard enunciated in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957), that:

> a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Watson v. Ault, supra; Covington v. Cole,* 528 F.2d 1365 (5th Cir. 1976). Reviewing Green's complaint, we conclude it adequately sets forth allegations that, if proved, may entitle her to some relief. *Memphis Light, Gas & Water Division v. Kraft,* 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978), requires municipal utilities not to terminate service without procedural due process protection for those with a property interest in such services. Moreover, we conclude that Green's attack on Ordinance No. 54 creating a presumption that all residents of Montezuma use city water and charging a minimum rate even for those without service, not frivolous and deserves fuller development.

We offer no view as to the merits of Green's allegations. We only hold that she is entitled to have her complaint filed and the suit to proceed normally.

REVERSED AND REMANDED.

4. A review of the cases in this circuit in which the district court dismissed an IFP complaint as frivolous suggests that the overwhelming majority of such complaints are filed by prisoners acting *pro se. Mitchell v. Beaubouef, supra; Taylor v. Gibson, supra; Carter v. Thomas, supra; Watson v. Ault, supra; Jones v. Bales, supra; Campbell v. Beto, supra.* In this context, this circuit has noted that there is a special reason, where prisoners have much idle time and free paper, ink, law books, and mailing privileges, for giving a broad grant of discretion to the district courts in dismissing actions as frivolous. *Jones v. Bales, supra; Taylor v. Gibson, supra.*