**William R. SPEARS, Plaintiff-Appellant,**

v.

**Wayne CHANDLER, Chief, et al.,
Defendants-Appellees.**

**No. 81–7818
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

April 5, 1982.

William R. Spears, pro se.

Emerson & Galbraith, Richard B. Emerson, and Lybrand, Sides, Hamner, Oglesby & Held, Jerry B. Oglesby, Anniston, Ala., for defendants-appellees.

Before HILL, VANCE and HATCHETT, Circuit Judges.

PER CURIAM:

William R. Spears appeals the District Court's dismissal of his action brought under 42 U.S.C. § 1983. Spears, an Alabama state prisoner serving a 29-year sentence at Holman Prison, filed this action alleging that a number of his constitutional rights were violated during his incarceration in the city jail of Anniston, Alabama. Spears alleged specifically that he was physically mistreated and denied medical treatment. Spears sought monetary and equitable relief from the defendants—police officers and jailers employed by the City of Anniston. In a pre-trial order the District Court found that Spears' claim for equitable relief was moot because at the time his action was instituted Spears had been transferred from the Anniston City Jail. Trial on Spears' monetary claims was set for September 3, 1981.

Spears, acting *pro se*, filed two motions for a writ of *habeas corpus ad testifican-*

*dum* requesting that he be transferred to the federal courthouse on the day of his trial in order to prosecute his case. The District Court denied both of Spears' motions, finding that, "[t]his court has no authority to order the Department of Corrections to transport him to the Federal Courthouse in Anniston to prosecute a civil action." Consequently, when Spears' action came on for trial on September 3, 1981 the District Court found that Spears had failed to appear and, thus dismissed the action for want of prosecution.

 The district court's holding that it lacked the authority to grant Spears' motions for a writ of *habeas corpus ad testificandum* is clearly erroneous. It is well established that 28 U.S.C. § 2241(c)(5) expressly grants district courts the power to issue the writ of *habeas corpus ad testificandum.*[1] *Ballard v. Spradley,* 557 F.2d 476, 480 (5th Cir. 1977). The decision to issue the writ rests within the sound discretion of the district court. *Id.* at 480; *Malinauskas v. United States,* 505 F.2d 649, 655–56 (5th Cir. 1974). The District Court's erroneous rulings on Spears' habeas motions effectively precluded Spears from prosecuting his case since he was proceeding *pro se.* Such a result runs counter to our recent pronouncement in *Bonner v. City of Prichard,* 661 F.2d 1206, 1212 (11th Cir. 1981), that "[p]risoners have a constitutional right to 'adequate, effective and meaningful' access to the courts." Adequate access to the courts is denied when a prisoner's *pro se* § 1983 action is dismissed for lack of prosecution, when the district court has foreclosed prosecution by ruling erroneously on the prisoner's motion for a writ of *habeas corpus ad testificandum.*

We express no opinion as to whether Spears' motions for a writ of *habeas corpus ad testificandum* should be granted. We hold only that the District Court violated Spears' right to due process when it dismissed his action for want of prosecution, after denying his habeas motions on the

erroneous basis that the court was without authority to grant the motions. On remand the district court shall exercise its sound discretion in determining whether the writ shall issue.

Spears has applied to this Court for the appointment of counsel. This application is denied.

REVERSED and REMANDED.

1. Long before the codification of 28 U.S.C. § 2241(c)(5) the Supreme Court recognized that federal courts possessed the authority to issue writs of *habeas corpus ad testificandum. See ex parte Dorr,* 44 U.S. (3 How.) 103, 105, 11 L.Ed. 514, 515 (1845).