**Albert H. CARTER, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 83–2280.**

United States Court of Appeals,
Tenth Circuit.

May 7, 1984.

Albert H. Carter, pro se.

Before SETH, Chief Judge, and BARRETT and McKAY, Circuit Judges.

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal from an order of the district court dismissing appellant's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

In the district court appellant sought to challenge a 1962 federal conviction for perjury rendered in the Middle District of Georgia, for which the sentence has been fully served, on the grounds it was constitutionally invalid. Appellant also challenged a 1977 mandatory injunction issued against him by the Southern District of Texas which imposed six restraints on his right to file lawsuits in state and federal courts throughout the country.

The federal magistrate dismissed the action and recommended that the district judge to whom the case was assigned consider an order prohibiting appellant from filing any complaints or petitions without counsel and payment of all court costs. The district judge adopted the recommendations of the magistrate including a directive prohibiting appellant from filing any further complaints or petitions in the United States District Court for the District of Colorado without payment of all filing fees.

Appellant's challenge to the federal perjury conviction is without merit because he fails to satisfy the "in custody" requirements which are a prerequisite to federal habeas corpus jurisdiction. 28 U.S.C. § 2241; 28 U.S.C. § 2255; *see also United States v. Condit*, 621 F.2d 1096 (10th Cir. 1980).

Similarly, the challenge to the mandatory injunction is meritless. Appellant is not now nor has he ever been "in custody" in the sense contemplated by 28 U.S.C. § 2241. Furthermore, the district court is without jurisdiction to afford relief from a mandatory injunction issued from a federal district court sitting in another circuit.

The final issue concerns the district court's requirement that appellant be prohibited from filing any further complaints or petitions in the district of Colorado without payment of all filing fees. Such a restriction, in effect, purports to absolutely restrict appellant's ability to proceed in forma pauperis in the district court. The question is whether such a restriction impinges upon appellant's constitutional and/or statutory right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); 28 U.S.C. § 1915(a).

In *In re Green*, 669 F.2d 779, 786 (D.C. Cir.1981), the appellate court was presented with a similar restriction for review. In

that case the court concluded that a determination as to whether to allow one to proceed in forma pauperis must be made separately in every case. The court said:

> The determination of a court whether to allow one to proceed *in forma pauperis* must be made separately in every case. A district court cannot read out of § 1915(a) the discretion Congress placed with the district courts in any "suit, action or proceeding." Although a reviewing court will seldom if ever dictate to the district court the *manner* in which the latter must exercise its discretion, it can and must compel the court to exercise it. *See Steffler v. United States,* 319 U.S. 38, 63 S.Ct. 948, 87 L.Ed. 488 [1197] (1943). Thus, any order that does not allow a district court the appropriate exercise of discretion under § 1915 is invalid. We therefore hold that the district court's preclusive order of June 12 requiring the full payment of the necessary filing fee and a cash security deposit of $100 violates 28 U.S.C. § 1915(a).

Here, as in *Green,* the district court order does not allow for the appropriate exercise of discretion under 28 U.S.C. § 1915(a).

■ Our conclusion that the restriction in this case is overbroad is not meant to imply that restrictive conditions may not be imposed. *In re Green, supra,* p. 786, the court made it clear that

> [a]part from the necessity of a case-by-case determination of poverty, frivolity or maliciousness, a court may impose conditions upon a litigant—even onerous conditions—so long as they assist the court in making such determinations, and so long as they are, taken together, not so burdensome as to deny the litigant meaningful access to the courts.

We agree that sanctions are an appropriate remedy to prevent abuse of the judicial process. Restrictive conditions, other than total preclusion, which are available include assessment of damages to the prevailing party and imposition of single or double costs. *See* 28 U.S.C. § 1912; Fed.R.App.P. 38.

■ Here, however, the court's order on its face is unlimited as to the nature of the claims and constitutes a total barrier to the filing of actions. The district court's order requiring the full payment of filing fees, therefore, violates 28 U.S.C. § 1915(a) and unduly impairs appellant's constitutional right of access to the courts.

Accordingly, the judgment of the United States District Court for the District of Colorado is REVERSED with respect to the order requiring full payment of filing fees in the future without consideration on the merits. In all other respects the judgment is AFFIRMED. The mandate shall issue forthwith.