Robert **PROCUP**, Plaintiff-Appellant,

v.

C. **STRICKLAND**, et al.,
Defendants-Appellees.

No. 83–3430.

United States Court of Appeals,
Eleventh Circuit.

May 20, 1985.

Opinion on Granting of Rehearing
En Banc July 10, 1985.

Lamar Winegeart, III, Arnold Stratford & Booth, Jacksonville, Fla., for plaintiff-appellant.

Dean C. Kowalchyk, Asst. Atty. Gen., Tallahassee, Fla., for defendants-appellees.

Before KRAVITCH and JOHNSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

JOHNSON, Circuit Judge:

Appellant, state prisoner Robert Procup, brought this action pro se in the Middle District of Florida against prison officials who had allegedly stolen his mail. After reviewing Procup's complaint and his affidavit seeking permission to prosecute the claim in forma pauperis, the district court *sua sponte* entered an order which (1) noted the volume and nature of Procup's pre-

vious lawsuits, (2) expressed concern that Procup was engaging in abuse of the judicial process, and (3) gave Procup thirty days to show cause why he should not be enjoined from filing any further pleadings in the Middle District of Florida. The order also allowed the State of Florida thirty days in which to present its position as to the propriety of such an injunction. After considering responses from Procup and the State of Florida, the district court invoked its powers under the All Writs Act, 28 U.S.C.A. § 1651(a),[1] and permanently enjoined Procup from filing in the Middle District of Florida "any additional cases or pleadings therein ... unless ... submitted on behalf of Procup by an attorney admitted to practice before this Court." *Procup v. Strickland*, 567 F.Supp. 146, 162 (M.D. Fla.1983). Because the injunction unduly burdens Procup's constitutional right of access to the courts and seeks to absolve the district court of its responsibility to examine prisoner complaints for frivolity or maliciousness on a case-by-case basis, we reverse.

INTRODUCTION

Since 1979, Procup has been increasingly active as a pro se litigant, bringing the majority of his lawsuits under 42 U.S.C.A. § 1983 as challenges to various conditions of his confinement in Florida prisons. Based on Procup's lack of success in any action prosecuted thus far, the patently frivolous nature of several of his claims, the repetitive assertion of various claims, a persistent refusal to abide by local rules, and an apparently malicious motive for initiating certain actions, the district court below found that Procup "has engaged and continues to engage in a gross abuse of the judicial process." *Id.* at 156.

We do not question this finding,[2] as the district court provides ample docu-

---

1. Section 1651(a) states:
   The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
   28 U.S.C.A. § 1651(a).

2. Nor do we accept Procup's claim on appeal that he was denied adequate notice and opportunity to be heard before issuance of the injunction. Due process does require notice and an opportunity to be heard, and the standard for measuring the adequacy of these procedural protections increases in proportion to the signif-

mentation for the conclusion that Procup is excessively litigious. *Id.* at 148–56. Our concern, instead, is with the overbroad remedy employed by the district court. No analogous precedent from this or any other circuit has affirmed such a restrictive injunction. Its unlimited scope denies Procup adequate, effective, and meaningful access to the courts. Moreover, inherent in a judicial ruling which completely [3] forecloses an individual's pro se access to federal court is an ominous abandonment of judicial responsibility, the import of which far exceeds the actual abuse attributable even to the exceptional prisoner litigant. The efficient operation of our judicial system does not require the issuance of an unlimited restriction on this pro se litigant's access to the courts. Existing federal rules governing pro se and in forma pauperis appearances and local rules when properly designed to streamline pleadings and ferret out abuse should suffice. The magnitude of Procup's abuse does not justify creating a rule that permits the judicial officer charged with the responsibility of reviewing prisoner complaints on a case-by-case basis to refuse to consider these claims altogether. To the contrary, the magnitude of Procup's abuse serves to emphasize the degree to which the pro se litigant's right of access to our courts retains its constitutional significance.

icance of the interest at stake. See *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). Here, the interest at stake, access to the courts, is of constitutional significance. *Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977). Nevertheless, we hold that the district court gave Procup sufficient notice of its concern that his pattern of litigation constituted an abuse of the judicial process. The show cause order focused specifically on Procup's suspected abuse and the court's intent to examine the volume and nature of his past case filings. The thirty-day period for response was also adequate. It enabled Procup to draft and file a twenty-six page reply. Procup was not entitled to a live hearing as to the validity of every case he had filed. *See United States v. Smith,* 257 F.2d 432, 434 (2d Cir.1958), *cert. denied,* 359 U.S. 926, 79 S.Ct. 609, 3 L.Ed.2d 629 (1959).

3. The district court enjoined Procup from filing "any additional cases or pleadings therein." *Procup v. Strickland, supra,* 567 F.Supp. at 162.

## DISCUSSION

### A. The Injunction Is Overbroad.

▮▮▮ Prisoners have a constitutional right of access to the courts. *Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977).[4] Though this right is not absolute or unconditional, restrictions which deprive inmates of "adequate, effective, and meaningful" access will be declared invalid. *Id.* at 822, 97 S.Ct. at 1495; *See also Wolff v. McDonnell,* 418 U.S. 539, 579–80, 94 S.Ct. 2963, 2986–87, 41 L.Ed.2d 935 (1974). In our Circuit, for example, a trial court's summary dismissal of an inmate's complaint in order to control court dockets and discourage prisoner litigation has been expressly prohibited. *Mitchum v. Purvis,* 650 F.2d 647, 648 (5th Cir.1981) (Unit B).

▮▮▮ The district court below correctly acknowledged that litigiousness alone would not support an injunction depriving Procup of his right of access to the courts. *Procup, supra,* 567 F.Supp. at 151. However, the court went on to justify imposing the injunction by finding that Procup had abused the judicial process. *Id.* at 156. Apart from whether an injunction of any kind is warranted under these circumstances, which is a question we shall address in the latter part of this opinion, we hold that the injunction issued by the district court is

On appeal, the parties disagree as to whether this language prohibits Procup from prosecuting cases previously filed pro se and now pending before the district court. Because the right of access to the courts is of constitutional importance, *Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977), we would construe the injunction narrowly—as the State proposes—in order to ensure at a minimum Procup's continued access as a pro se litigant in these pending actions. Yet we need not resolve this question of construction, since it is subsumed in our overall holding that the injunction itself is invalid.

4. Citing earlier Supreme Court decisions, the Seventh Circuit has catalogued several constitutional sources for this right. These sources include the Due Process Clause of the Fourteenth Amendment (as well as the Fifth Amendment), the First Amendment, and the "Privileges and Immunities Clause" of Article IV, Section 2, of the Constitution. *See Green v. Warden,* 699 F.2d 364, 369 (7th Cir.), *cert. denied,* 461 U.S. 960, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983).

overbroad. The unlimited scope of the injunction is without precedent, and it denies Procup adequate, effective, and meaningful access to our judicial system.

### 1. The Injunction Is Without Precedent.

Appellate decisions in this and other circuit courts have affirmed the issuance of injunctions against abusive litigants, but none of the injunctions challenged in these cases have swept so broadly as to deny pro se appearances entirely. Where principles of res judicata and collateral estoppel have proven inadequate to deter abuse, litigants have been enjoined from relitigating specific claims or filing repetitive appeals from a particular adverse ruling. *E.g., Harrelson v. United States,* 613 F.2d 114, 116 (5th Cir.1980); *In re Green,* 598 F.2d 1126, 1128 (8th Cir.1979); *Hill v. Estelle,* 543 F.2d 754 (5th Cir.1976), *aff'g Hill v. Estelle,* 423 F.Supp. 690 (S.D.Tex.1976). Similarly motivated injunctions have required litigants who have abused the judicial process to accompany all future pleadings with affidavits certifying that the claims being raised are novel. *E.g., Green v. Warden,* 699 F.2d 364, 370 (7th Cir.), *cert. denied,* 461 U.S. 960, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983); *In re Green,* 669 F.2d 779, 787 (D.C.Cir.1981). Litigants have also been directed to attach to future complaints a list of all cases previously filed involving the same, similar, or related cause of action [5] and to send an extra copy of every pleading filed to the law clerk for the chief judge of the district. *E.g., Green v. White,* 616 F.2d 1054, 1056 (8th Cir.1980).

Injunctions of a different sort have prohibited the clerk of the court from filing an abusive litigant's pleadings without leave of court. *E.g., Green v. Warden, supra,* 699 F.2d at 370; *In re Oliver,* 682 F.2d 443, 446 (3d Cir.1982); *In re Green, supra,* 669 F.2d at 787; *Pavilonis v. King,* 626 F.2d 1075, 1079 (1st Cir.), *cert. denied,* 449 U.S. 829, 101 S.Ct. 96, 66 L.Ed.2d 34 (1980); *Gordon v. United States Department of Justice,* 558 F.2d 618 (1st Cir.1977). The clerk has also been instructed not to file pleadings that do not comply strictly with the applicable rules of civil and appellate procedure. *E.g., Carter v. Pettigrew,* No. 84–8411, slip op. at 5 (11th Cir. Aug. 24, 1984) (unpublished) (order authorizing clerk of appellate court to inspect documents received from certain litigants for compliance with Fed.R.App.P. 3 and to refuse to file the documents if the judgment or order appealed from is not specified).

All of these injunctions, by exposing the litigants to the possibility of being held in contempt for non-compliance, have created an added incentive for not abusing the judicial process. Yet, none of these decisions have completely curtailed a prisoner's pro se access to the courts. At most, the injunctions have created *rebuttable* presumptions of repetition, frivolity, or maliciousness. In none of the decisions have future non-frivolous and non-malicious claims been preemptively and conclusively foreclosed, as they have been in this case.

Two other appellate decisions have affirmed injunctions that permit an abusive prisoner litigant to file in forma pauperis only claims alleging actual or threatened physical harm. *E.g., In re Green,* No. 81–1186 (5th Cir. Apr. 27, 1981) (Unit A) (published as appendix to the opinion in *Green v. Carlson,* 649 F.2d 285, 286 (5th Cir.) (Unit A), *cert. denied,* 454 U.S. 1087, 102 S.Ct. 646, 70 L.Ed.2d 623 (1981)); *Green v. White, supra,* 616 F.2d at 1055. Imposing this type of injunction creates, in effect, a *conclusive* presumption that future in forma pauperis claims not involving actual or threatened physical harm are ipso facto duplicative, frivolous, or malicious. Apart from whether such an injunction should

---

5. We note that a similar listing requirement already appears in the standard civil rights complaint form used by prisoners in the Middle District of Florida. In fact, the form mandates that Procup describe not only each lawsuit previously filed "dealing with the same facts," but also each previous lawsuit "otherwise relating to" his imprisonment. The information sought is needed to determine whether the claim being filed presents a new, non-frivolous issue and whether it is being brought maliciously. In this case, Procup did not respond in meaningful detail to the questions on the form, and yet the district court did not refuse the complaint as incomplete.

ever be employed,[6] even its scope does not extend as far as the injunction issued in the instant case. Here, the question is not solely a matter of precluding access to a non-repetitive, non-frivolous, and non-malicious claim which does not allege actual or threatened physical harm. Rather, the question is whether access can be denied to *any* non-repetitive, non-frivolous, and non-malicious claim when filed pro se.

### 2. The Injunction Denies Procup Adequate, Effective, And Meaningful Access To The Courts.

The district court below examined and rejected for instrumental reasons each type

of injunction thus far affirmed by the circuit courts. Because Procup is currently serving a sentence of life imprisonment,[7] the court concluded that additional confinement for contempt, based on violations of an injunction which merely prohibited the relitigation of specific claims or required a certification of novelty, would probably have little effect in deterring Procup's abuse of the judicial process. *Procup v. Strickland*, 567 F.Supp. at 159. Similarly, the district court concluded that requiring leave of court before filing further pleadings would not deter Procup's abuse. Instead, this sort of injunction would continue to demand the expenditure of judicial

6. Opposing any modification to the injunction issued against Procup, the State of Florida contends that the injunctions issued in *In re Green* and *Green v. White* are too limiting because future non-frivolous and non-malicious claims which do not allege actual or threatened physical harm will not be heard. Thus, the State implicitly argues that the injunctions should not have been affirmed in these two cases. Without addressing this argument, the district court below concluded that such an injunction was not limiting enough: Procup's persistent creativity in fabricating claims would simply continue to operate within the subject-matter boundaries encompassing actual and threatened physical harm. *Procup v. Strickland, supra,* 567 F.Supp. at 159–60. The court reached this conclusion even though it had no information concerning the effectiveness of injunctions issued in *In re Green* and *Green v. White. Id.* at 159.

If the merits of an injunction that only recognized allegations of physical harm were at issue in this appeal, we could not vacate the order. *In re Green* is binding precedent in this Circuit until overruled or modified by the Court en banc. *See Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc). We nevertheless note a disturbing aspect of that decision and a growing tension between it and more recent decisions from the Tenth and District of Columbia Circuits. The injunction affirmed in *In re Green* totally precludes any access to non-repetitive, non-frivolous, and non-malicious claims filed in forma pauperis that do not allege actual or threatened physical harm. The only way these claims can be brought, then, is for the filing fee requirements to be satisfied. And yet the decision in *In re Green* also voided that part of the district court's injunction which made the payment of filing fees mandatory. The Tenth .and District of Columbia Circuit Courts have similarly held that requiring the payment of fees unduly burdens an indigent prisoner's constitutional right of access to the courts. *In re*

*Green, supra,* 669 F.2d at 786; *Carter v. United States,* 733 F.2d 735, 737 (10th Cir.1984).

Moreover, we question the expediency of the subject-matter distinction employed in *In re Green* and *Green v. White.* As did the district court below, we doubt that allegations of actual or threatened physical harm will invariably denote non-frivolous and non-malicious claims. We question further whether a court should rule prospectively and without qualification that complaints involving physical harm are necessarily more worthy of consideration than other complaints. The physical harm requirement does provide a bright-line test, but its application is not a reliable means for distinguishing between important and unimportant claims. The physical harm alleged in some cases may well be insubstantial when compared to non-physical deprivations of civil rights alleged in other cases. For example, the test would apparently not preclude the claim raised in *Procup v. Cooper,* Case No. 82–1064–Civ–J–M (M.D.Fla.) (mistreatment at prison allegedly caused Procup to contract athletes foot), *noted in Procup v. Strickland, supra,* 567 F.Supp. at 152.

Finally, we distinguish *In re Green* and related cases by noting that the abusive litigant there faced a significantly shorter sentence than Procup, who is thus less likely to be deterred by the possibility of contempt proceedings. In fact, the district court below concluded that the threat of receiving additional periods of confinement did not appear at all likely to discourage Procup's abuse. *Procup v. Strickland, supra,* 567 F.Supp. at 159 nn. 11–12. Surely an injunction having a deterrent effect, if it has any merit at all, is more defensible than one issued despite a conclusion that it will not be effective as a deterrent. The purpose of issuing the latter injunction becomes immediately suspect.

7. Procup is serving a life-sentence for first degree murder. Under Florida law, he must serve twenty-five years before becoming eligible for

resources in order to review the mass of petitions for leave to file that Procup would be expected to produce, a process of review similar in form to that already required when Procup requests permission to prosecute a claim in forma pauperis. Finally, the district court concluded that Procup would circumvent an injunction against filing any claim not alleging actual or threatened physical harm. He would simply formulate future claims so as to include the requisite allegations.[8] Yet the inefficacy of the injunctions imposed in all of these cases does not justify the court's issuance of a more restrictive injunction here. The unqualified injunction against pro se access must pass constitutional muster on its own terms. It must not deprive Procup of adequate, effective, and meaningful access to the courts.

The district court concluded that an injunction against pro se appearances would not unduly burden Procup's right to obtain judicial redress in appropriate cases. Two avenues were ostensibly available to ensure adequate representation for Procup's future complaints: (1) attorneys in private practice and (2) the non-profit legal assistance organization located at the prison. The first avenue assumes that ample financial incentives exist under 42 U.S.C.A. § 1988 for private attorneys to invest voluntarily the time and effort needed to represent Procup in cases brought pursuant to Section 1983 of the Civil Rights Act, 42 U.S.C.A. § 1983. Section 1988 does provide for the award of attorney's fees to prevailing litigants in civil rights actions, but this provision may not be operative in every case. Procup may desire to bring claims pursuant to statutes other than Section 1983. Moreover, the award of attorney's fees under Section 1988 is discretionary. The possibility that no award will be made can only serve to blunt whatever incentive the statute provides for members of the private bar to represent Procup in pursuing legitimate claims.

The second avenue relies on the non-profit legal assistance organization that is available at the prison to represent Procup when private counsel is not forthcoming. The assistance of the legal aid organization, however, does not guarantee Procup adequate, effective, and meaningful access to the courts. The resources of this organization are limited and may not be sufficient, both at present and in the future, to ensure that Procup's legitimate claims are represented. Moreover, Procup avers that actions he previously filed pro se are now pending against certain attorneys who work for the legal assistance organization. Thus, conflicts of interest might arise which would prevent the organization from representing Procup in cases not handled by a private attorney.

In short, the competitive market for legal services and the available non-profit legal assistance will not invariably provide adequate, effective, and meaningful representation for Procup's non-frivolous and non-malicious claims. Should these avenues of representation prove fruitless, Procup's only remaining option would require the purchase of legal aid with personal funds that he apparently does not have. Ultimately, then, the injunction may impose financial restrictions that operate to preclude Procup from filing a new and legitimate complaint. It is true that costs are a factor in every litigant's decision to pursue a claim, but here the costs of access to our judicial system have been increased for a specific indigent litigant to levels that may completely foreclose his future access to the courts.

The use of an injunction against a pro se litigant "should be approached with particular caution." *Pavilonis v. King, supra,* 626 F.2d at 1079; *In re Oliver, supra,* 682 F.2d at 445; *Hill v. Estelle, supra,* 423 F.Supp. at 695. Here, the operation of economic incentives and the limited extent of available legal assistance resources indicate that, even if injunctive relief were

---

parole. Fla.Stat. § 775.082(1). That date is approximately fifteen years away. *Procup v. Strickland, supra,* 567 F.Supp. at 147.

**8.** *See supra,* note 6.

appropriate, it should be structured to ensure the fullest possible scope to Procup's constitutional right of access to the courts. The district court's unlimited injunction against pro se appearances produces the opposite effect. By prohibiting *any* pro se appearances, the injunction impermissibly burdens Procup's constitutional right to adequate, effective, and meaningful access to the courts.

### B. The Injunction Is Unwarranted.

The right to appear pro se and, where granted by the district court, to proceed in forma pauperis ensures that indigent litigants will have access to our judicial system that is adequate, effective, and meaningful. Pro se litigants who proceed in forma pauperis, however, are not subject to the usual incentives against filing repetitive, frivolous, or malicious lawsuits. They "are immune from imposition of costs if they are unsuccessful; and because of their poverty, they are practically immune from later tort actions for 'malicious prosecution' or abuse of process." *Jones v. Bales,* 58 F.R.D. 453, 463 (N.D.Ga.1972), *aff'd,* 480 F.2d 805 (5th Cir.1973). The problem can be particularly acute when the litigant is a prisoner who has substantial amounts of idle time and a free supply of writing materials and postage stamps.[9]

Our procedural rules are premised on the assumption that litigants are subject to limitations of time and expense and have a basic respect for accuracy. Thus, we interpret the rules liberally so that only the truly untenable claims are dismissed or decided summarily. Since these assumptions may not always be operative in actions proceeding in forma pauperis, especially where a prisoner has initiated the lawsuit pro se, Congress has authorized special procedures for handling in forma pauperis complaints. *Green v. City of Montezuma,* 650 F.2d 648, 651 (5th Cir.1981) (Unit B); *Jones v. Bales, supra,* 58 F.R.D. at 464. These procedures are codified at 28 U.S. C.A. § 1915. Significantly, the procedures do not provide for the use of injunctions.

Section 1915 mandates a two-stage procedure for processing a prisoner's pro se civil rights complaint filed in forma pauperis. *See Green v. City of Montezuma, supra,* 650 F.2d at 650 n. 3; *Woodall v. Foti,* 648 F.2d 268, 271 (5th Cir.1981) (Unit A); *Watson v. Ault,* 525 F.2d 886, 891 (5th Cir.1976). Initially, the district court must determine whether the plaintiff is unable to prepay costs and fees and is therefore a pauper under the statute. 28 U.S.C.A. § 1915(a). If the complainant's affidavit was falsely sworn or his financial condition makes him ineligible, in forma pauperis status can be denied without considering either the merits of the complaint or whether it was filed maliciously. Only after making a finding of poverty and docketing the case can the court proceed to the next question: whether the claim asserted is frivolous or malicious. 28 U.S.C.A. § 1915(d). If it appears that the claim is without arguable merit in both law and fact or that the claim is repetitive or was filed maliciously, then the complaint may be dismissed with prejudice even before the defendants have been served. *Woodall v. Foti, supra,* 648 F.2d at 271; *Taylor v. Gibson,* 529 F.2d 709, 714 (5th Cir.1976); *Watson v. Ault, supra,* 525 F.2d at 892. If the complaint fails to state a claim—i.e., it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief—the court should enter a dismissal without prejudice so that an amended complaint may be filed. *Mitchell v. Beaubouef,* 581 F.2d 412, 416 (5th Cir.1978), *cert. denied,* 441 U.S. 966, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979).

The centerpiece of the Section 1915 procedures is the district court's exercise of its discretion on a case-by-case basis, however tedious this exercise of discretion may become. The statute places the responsibility of reviewing prisoner complaints in the district court alone, and "any order that does not allow a district court the appropriate exercise of discretion under § 1915 is invalid." *In re Green, supra,* 669 F.2d at 786; *see also Carter v. United States,* 733 F.2d

---

9. The supply of writing materials and postage for mailing pleadings to the courts is not unlim-ited. *See, e.g., Hoppins v. Wallace,* 751 F.2d 1161, 1162 (11th Cir.1985).

735, 737 (10th Cir.1984) (vacating an injunction against the filing of a prisoner's future complaints without payment of fees).[10]

Here, the district court's express purpose in issuing the injunction was to have someone other than the court review Procup's claims and cull out the non-frivolous and non-malicious complaints. *Procup v. Strickland, supra,* 567 F.Supp. at 161 n. 17. Although the order as phrased prohibits pro se filings and is silent regarding requests for in forma pauperis status, it nonetheless was designed to shift the responsibility of the case-by-case review process away from the district court. We hold that the court may not by way of an injunction avoid the responsibility Congress has placed upon it to consider each prisoner complaint when filed. Whether a pro se complaint brought in federal court is properly drawn and whether it states a legitimate claim are questions for the district court alone to determine. *Cf. Ex parte Hull,* 312 U.S. 546, 549, 61 S.Ct. 640, 641, 85 L.Ed. 1034 (1941) (holding invalid a state prison regulation that required all pro se legal pleadings to be approved by a prison official and then a special investigator for the parole board before being sent to the designated court).

Our holding does not confer on Procup a right to receive special advantages not bestowed on other litigants. He must, for example, abide by local rules governing the proper form of pleadings. Complaints "scrawled on toilet paper" or written "on both sides of the paper" need not be filed. *See Procup v. Strickland, supra,* 567 F.Supp. at 154. Nor must exhibits be accepted prematurely. *See id.* On the other hand, the frustrations that may attend such violations of local rules cannot justify a proscriptive denial of constitutional rights. As federal courts, we must not surrender to a state-of-siege men-

tality and abandon our duty to provide a forum for even the abusive pro se litigant's occasional legitimate claim. The judicial time spent in dismissing such complaints and returning the exhibits is minimal at most and comprises a cost which our judicial system should absorb when the alternative ruling so portentously restricts the constitutional right of access to the courts.

Our holding similarly does not proscribe the development of additional local rules to expedite the district court's case-by-case determinations. *See* Federal Judicial Center, *Recommended Procedures for Handling Prisoner Civil Rights Cases in the Federal Courts* (1980). Complaint forms may be refined to elicit information designed to reveal repetition, frivolity, or maliciousness. One particular person or group of persons in the office of the clerk of court may be assigned the task of reviewing all prisoner complaints for compliance with local rules of form. This person or group of persons could maintain a separate file on especially prodigious litigants to aid in discovering and documenting repetitious or malicious case filings. An initial screening of prisoner complaints can be performed by law clerks or a magistrate, with recommendations being forwarded along with the complaints to the district judge. All pleadings filed by one inmate may be directed to the same law clerk or magistrate and district judge.

Review of the recommendations of the law clerk or magistrate and consideration of the complaints individually does not require inordinate amounts of time and effort from the district court. If a pro se complaint is on its face without arguable merit,[11] only a one-line order dismissing it with prejudice need be entered. If the claim is not facially frivolous and was not brought maliciously, the court need simply

---

**10.** This Circuit has previously reached analogous holdings requiring district courts to exercise their discretion with respect to every prisoner's petition for habeas corpus ad testificandum brought under 28 U.S.C.A. § 2241(c)(5). In *Spears v. Chandler,* 672 F.2d 834, 835 (11th Cir.1982), we held that, by refusing altogether to consider whether a prisoner should be allowed

to appear and testify in a case he is prosecuting pro se, the district court effectively precludes prosecution of the action and thus denies the prisoner adequate access to the courts. *See also Mitchum v. Purvis, supra,* 650 F.2d at 648; *Ball v. Woods,* 402 F.Supp. 803, 811–12 (N.D.Ala. 1975).

enter a one-line order instructing the defendants to show why the complaint is not entitled to the relief sought. If the claim is without merit, the defendants can easily answer, and then move for dismissal or summary judgment, attaching to their pleadings copies of medical records or other documents to establish their defense. The magistrate can and should handle most, if not all, of these proceedings and make recommendations to the district court. If the defendants' reply does not suffice to establish grounds for dismissal or summary judgment, the proceedings should continue as in an ordinary case. The claim would be precisely the sort that should be further developed and not be enjoined altogether.

Within the confines of acceptable procedures such as these, the district court has ample discretion to summarily dismiss frivolous or malicious claims; yet the case-by-case consideration envisioned by Congress is left intact. The speed and accuracy with which the claims are ultimately processed will be, in part, a function of the competency and administrative ability of the particular district court. Accordingly, future judicial efforts to deal with the increasing load of prisoner litigation should be directed toward developing effective procedures and improving our own efficiency, not enjoining the access of litigants to the courts.

REVERSED.

## ON REHEARING

Before GODBOLD, Chief Judge, RONEY, TJOFLAT, HILL, FAY, VANCE, KRAVITCH, JOHNSON, HENDERSON, HATCHETT, ANDERSON and CLARK, Circuit Judges.

BY THE COURT:

A majority of the Judges in active service, on the Court's own motion, having determined to have this case reheard en banc,

IT IS ORDERED that the cause shall be reheard by this Court en banc *without* oral argument on a date hereafter to be fixed. The previous panel's opinion is hereby vacated.

The Clerk will specify a briefing schedule for the filing of en banc briefs.

**11.** The complaint must be read liberally under our rules of civil procedure. Moreover, pro se complaints are held to less rigorous standards than formal pleadings drafted by lawyers. *Woodall v. Foti, supra,* 648 F.2d at 271.