Joseph R. HARMON, Plaintiff-Appellee, Cross-Appellant,

v.

W.C. BERRY, et al., Defendants-Appellants, Cross-Appellees.

No. 84–7620
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Nov. 12, 1985.
Rehearing and Rehearing En Banc Denied Dec. 27, 1985.

Ferris W. Stephens, Asst. Atty. Gen., Montgomery, Ala., for defendants-appellants, cross-appellees.

Before RONEY, HENDERSON and HATCHETT, Circuit Judges.

PER CURIAM:

Joseph R. Harmon, an Alabama prisoner, filed this 42 U.S.C. § 1983 action alleging that prison officials had denied him access to the prison law library and permission to pay or hire an attorney, thereby denying him access to the courts and equal protection of the law. The state officials responded that the claims had been adjudicated adversely to Harmon in a prior proceeding. Adopting the magistrate's recommendation, the district court determined that *res judicata* barred the denial of access claim, and that the other allegations either presented no constitutional question or were precluded by the officials' qualified immunity.

The district court properly found that Harmon's claim involving access to the courts was barred by *res judicata*. In a prior action brought by Harmon claiming denial of access to the courts, the magistrate recommended that his claim for equitable relief be dismissed as moot since Harmon had been transferred to another institution and that his damages claim be dismissed because the actions of the prison officials fell within the scope of their qualified immunity. *Harmon v. Berry,* CV–82–PT–2565–J (N.D.Ala. Feb. 25, 1983) (magistrate's supplemental recommendation). Harmon points to nothing that differentiates the present claim from the one in the previous suit. With respect to Harmon's cross-appeal, therefore, the district court's order insofar as it denies relief to Harmon is affirmed.

The state officials filed a state law counterclaim alleging abuse of process and claiming $300,000 in damages, arguing that Harmon had already filed several patently frivolous lawsuits that state false claims for the purpose of harassing prison officials. In recommending dismissal of the counterclaim, the magistrate thought that a granting of the counterclaim, "regardless of whether the defendants are entitled to succeed," represents "an exercise in futility."

The district court, apparently focusing on whether defendants would actually receive damages even if successful, adopted the recommendation of the magistrate and ordered dismissal with prejudice. The district court erred in dismissing the counterclaim for the reason stated. A claim should not be dismissed unless it appears beyond a doubt that the claimant can prove no set of facts which would be a basis for some relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The claim appears to state a cause of action under state law. To support its allegations, defendants attached a letter from Harmon which the magistrate recognized as suggesting that Harmon will flood the federal courts with litigation that defendants will have to defend unless plaintiff's demands are met. The magistrate said: "This use of the court system is totally inappropriate."

Whether the complainants are able to obtain significant relief cannot be decided on a motion to dismiss. The state officials argue even nominal damages will establish an important precedent. Other forms of relief may be available to discourage frivolous, redundant, and harassing lawsuits if the state can prove its claim. *See, e.g.,* the remedies discussed in *Procup v. Strickland,* 567 F.Supp. 146 (M.D.Fla.1983), *rev'd,* 760 F.2d 1107, *vacated,* No. 83–3430, slip op. at 5515 (11th Cir. July 10, 1985) (en banc).

In any event, the district court used an inappropriate standard in dismissing the

counterclaim. We therefore remand the case to the district court for reconsideration. In so doing, we have not considered whether there is any other ground for dismissal of the counterclaim and intimate no opinion as to the ultimate merits of the counterclaim. With respect to the counterclaim, the district court's order is vacated and the cause is remanded for further proceedings.

AFFIRMED in part, VACATED and REMANDED in part.