IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10883
Summary Calendar
_____


PHILIP DODSON LAQUEY,

                                        Plaintiff-Appellant,

versus

TOM GREEN, CO. JAIL; U.E. SKAINS;
O'DELL DENTON; S.A. SOBREDO, JR., Dr.,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:95-CV-063-C
- - - - - - - - - -
December 4, 1994
Before WIENER, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Philip Dodson Laquey appeals from the district court's

dismissal of his 42 U.S.C. § 1983 complaint alleging that he had

been denied proper medical care.  The record does not support the

district court's findings that Laquey "agreed" with the

magistrate judge that he had received adequate medical care or

that his complaint should be dismissed.  The district court

clearly erred in making these findings because a review of the

_____

    [*]    Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

recording of the Spears hearing leads to the definite and firm conviction that a mistake has been committed. See Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985). Moreover, a review of the recording of the Spears hearing indicates that Laquey raised a valid denial-of-medical-care claim against the jail. Laquey's allegation that he was denied psychiatric treatment raises an Eighth Amendment violation. See Woodall v. Foti, 648 F.2d 268, 272-73 (5th Cir. Unit A June 1981). Further, Laquey alleged that the jail had an official policy against giving prisoners anti-depressants. A deficient policy can implicate the supervisory officials who implemented the policy, even if those defendants were not directly involved in the denial of care. Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987). Because the district court's dismissal of the complaint based upon Laquey's purported agreement was in error, and because Laquey has raised a non-frivolous issue, the judgment of the district court is VACATED and the case is REMANDED for further proceedings.