946 F.2d 896
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary Lee TRACY, Plaintiff-Appellant,
v.
Hunter HAY, Jailer, Franklin County Jail, Lt. Barry S.
Brown, Defendants-Appellees.
 No. 91-5125.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1991.
 
 1
 Before MERRITT, Chief Judge, RYAN, Circuit Judge, and HARVEY, Senior District Judge.*
 
 ORDER
 
 2
 Gary Lee Tracy, a Kentucky state prisoner, requests the appointment of counsel on appeal from the district court's summary judgment for defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Tracy sought injunctive and monetary relief in this action, alleging that the defendants were denying him access to psychiatric treatment in violation of the Eighth Amendment. The record shows that Tracy was incarcerated in the Franklin County Jail on January 4, 1989. He gave a medical history of attempted suicide, nervous problems, depression, and mental and emotional stress. On February 23, 1989, at the request of his public defender, Tracy was seen by a licensed clinical social worker, who reported to the attorney and defendant Hay that Tracy was depressed and potentially suicidal, and recommended that he be transferred to the Kentucky Correctional Psychiatric Center (KCPC) for evaluation and treatment. Tracy's defense attorney succeeded in having him sent to KCPC on two occasions, pursuant to court order, for a determination of his competency to stand trial, and his competency at the time of the crime.
 
 
 4
 Throughout his incarceration, Tracy repeatedly requested psychiatric treatment available through the Comprehensive Care Center. The jail physician and nurse both recommended him for this program on more than one occasion. Defendant Hay informed the doctor that KCPC had determined that Tracy did not need such treatment. He based this statement on a nursing discharge summary which was sent back to the jail from KCPC. This form contains no space for recommended treatment. It describes the patient's condition on discharge and summarizes the teaching done during the stay at KCPC. Tracy's discharge summary noted that he had been encouraged to become involved in a substance abuse program. Defendant Hay interpreted this statement to mean that Tracy should be involved only in a substance abuse program and should not receive psychiatric treatment. The counsel appointed for Tracy by the district court below wrote to KCPC inquiring as to their recommendation, and was informed that they did recommend continuing psychiatric treatment. Defendant Hay received a copy of this letter and as a result finally enrolled Tracy in psychiatric group therapy on April 9, 1990. Consequently, Tracy's claim for injunctive relief in the form of treatment was rendered moot. However, this did not resolve the question of whether a constitutional violation had occurred as a result of the 16 month delay in his receipt of treatment from the time of his initial incarceration and requests. The request for monetary relief was not mooted.
 
 
 5
 Defendant moved for summary judgment on the ground that no constitutional violation had occurred. Although the defense of qualified immunity had been raised in the answer, this defense was not pursued in the summary judgment motion, and consequently, the district court made no findings on that issue. Rather, it adopted the magistrate's recommendation to grant summary judgment to defendants on the basis of a lack of constitutional violation.
 
 
 6
 An Eighth Amendment claim is stated by an allegation of deliberate indifference to a prisoner's medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). This standard of deliberate indifference applies to the denial of psychological and psychiatric treatment as well. See Woodall v. Foti, 648 F.2d 268, 272 (5th Cir.1981) (per curiam); Ramos v. Lamm, 639 F.2d 559, 574 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981). Moreover, the deliberate indifference standard applies generally to complaints regarding conditions of confinement. Wilson v. Seiter, 111 S.Ct. 2321, 2326 (1991). Preventing an inmate from being diagnosed and treated by qualified professionals violates this standard, Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 763 (3rd Cir.1979), where the circumstances are clearly sufficient to indicate the need for medical attention. See Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir.1976).
 
 
 7
 This court will affirm a grant of summary judgment where the evidence, construed in the light most favorable to the non-moving party, is such as to require a directed verdict for the moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-55 (1986). In this case, the magistrate's findings, as adopted by the district court, were that Tracy had been permitted to see the medical staff of the jail on a regular basis, and that the court should not intervene based on a difference of opinion by Tracy regarding the treatment prescribed, which was a question of professional judgment. However, the record shows that the medical staff of the jail were not psychiatrists or psychologists, and that Tracy did not differ with them regarding his treatment, as the medical staff in fact recommended that he receive psychological counseling, but were overruled by the defendant jailer. The professional judgment challenged in this case was therefore not that of the medical personnel, but that of the administrative personnel of the jail. Reasonable minds could differ over whether the defendants were deliberately indifferent to Tracy's mental health needs in light of his complaints and history, and the recommendations for treatment from a social worker, doctor and nurse, where the only countervailing information was a form which did not purport to contain any recommendation as to treatment.
 
 
 8
 Accordingly, the request for counsel is denied, the summary judgment for defendants is vacated, and this case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James Harvey, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation