IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10006
Conference Calendar
_____

RICHARD ENGLISH,

Plaintiff-Appellant,

versus

ROBERTSON MEDICAL DEPARTMENT,
ROBERTSON UNIT, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:94-CV-177
- - - - - - - - - -
(March 23, 1995)

Before GARWOOD, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:*

Richard English, a Texas state prisoner, proceeding pro se
and in forma pauperis, filed the instant civil rights complaint
pursuant to 42 U.S.C. § 1983, alleging that the Robertson Medical
Department, Robertson Unit of the Texas Department of Criminal
Justice, denied him reasonable medical care in violation of the
Eighth Amendment.

A district court may dismiss an IFP complaint as frivolous
under 28 U.S.C. § 1915(d) if it lacks an arguable basis in law or

---

*       Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the Court has determined
that this opinion should not be published.

fact.  Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994).  If it appears that "insufficient factual allegations might be remedied by more specific pleading," this court considers whether the district court abused its discretion by dismissing the complaint without affording any effort to amend.  Id.

"To state a claim for relief under 42 U.S.C. § 1983 for denial of medical treatment, a [convicted] prisoner must allege deliberate indifference to his serious medical needs."  Woodall v. Foti, 648 F.2d 268, 272 (5th Cir. Unit A June 1981) (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)).  Prison officials violate the Eighth Amendment proscription against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain.  Wilson v. Seiter, 501 U.S. 294, 296-97 (1991).  Deliberate indifference is equivalent to subjective recklessness in the criminal law.  It is more than negligence but less than intent to harm.  Farmer v. Brennan, 114 S. Ct. 1970, 1978-79 (1994).  The prison official must know of and disregard an excessive risk to inmate health.  Id. at 1979.  An inmate's disagreement with his medical treatment does not establish a constitutional violation.  See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

English's allegations do not suggest that he had a serious medical need.  To the extent that English's allegations amount to claims of delay in receiving medical treatment, delay that results in substantial harm is evidence of deliberate indifference.  Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir.

1993).  As English did not allege that his condition worsened during the delay, an Eighth Amendment claim on this point is not stated.  Id. at 195.

AFFIRMED.