**Billy HOLMES, a/k/a Bill Richards and Daniel Johnson, Plaintiffs–Appellants,**

v.

**Ray HARDY, et al., Defendants–Appellees.**

No. 88–2264
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 16, 1988.

---

Billy Holmes, a/k/a Billy Richards, Huntsville, Tex., pro se.

Daniel Johnson, Huntsville, Tex., pro se.

Ann Hardy, Asst. Co. Atty., Houston, Tex., for defendants-appellees.

Before REAVLEY, KING and JOLLY, Circuit Judges.

PER CURIAM:

The plaintiffs Billy Holmes and Daniel Johnson, Texas prisoners, complain that defendant Ray Hardy, clerk of the state court of Harris County, Texas, violated their fourteenth amendment due process and equal protection rights and their first amendment right of access to the courts when he formally challenged their *in forma pauperis* status in a previous lawsuit. The district court granted the defendants' motion for summary judgment and dismissed this case with prejudice for failure to state a cause of action under Fed.R. Civ.P. 12(b)(6) and for frivolousness under 28 U.S.C. § 1915(d). We affirm.

I

In October 1983, while in a Texas prison, Billy Holmes filed malpractice charges in Harris County Court against his former defense attorney. Ray Hardy, clerk of the Harris County court, contested Holmes' *in forma pauperis* ("IFP") status under Rule 145, Tex.R.Civ.P.Ann. (Vernon 1982). Rule 145 provides that a state court clerk may challenge the IFP status of litigants.[1] In January 1984, Daniel Johnson, another Texas prison inmate, filed suit against the Harris County Rehabilitation Center for alleged negligence in medical treatment. Hardy also contested Johnson's IFP status under Rule 145. In both cases, Hardy's challenges were overruled, and Hardy served process on the state court defendants in compliance with his official duties. In November 1983, however, Holmes filed this suit against Harris County and Ray Hardy for alleged first and fourteenth amendment violations. Johnson intervened in February 1984. The district court grant-

---

1. An IFP challenge immunizes the clerk from any personal liability that he might incur for failure to collect and deposit filing and service fees. *See generally Harris County v. Schoebacher*, 594 S.W.2d 106, 109–10 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.).

ed Harris County and Hardy summary judgment in December 1987. The plaintiffs appeal.

## II

 On appeal the plaintiffs note that a Rule 145 challenge is not mandatory and argue that Hardy intentionally and in bad faith sought to deny the plaintiffs access to the courts. In support of this claim, they contend that the affidavits of indigency that they filed were extensive, and that in past judicial proceedings they had been granted the status of paupers. Hardy, they argue, should have deferred to these prior judicial decisions, and his failure to do so, especially in the light of their extensive affidavits, constituted bad faith conduct that amount to a violation of their constitutional rights.

 The appellants' contentions have no merit. There is no absolute right to proceed in court without paying a filing fee in civil matters. *Startti v. United States,* 415 F.2d 1115, 1116 (5th Cir.1969). "[R]ather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Id.* It is clear that Hardy had a statutory right to challenge their claim of indigency. Certainly, the plaintiffs do not have a constitutional right to receive IFP status without a contested judicial determination of whether they can afford to pay court costs and filing fees. Furthermore, past decisions regarding one's pauper status are not determinative of one's *present* financial condition. Indeed, under 28 U.S.C. § 1915(a), a federal court should redetermine IFP status each time a new petition is filed, *Carter v. United States,* 733 F.2d 735, 737 (10th Cir.1984), and there is no reason that such rationale does not apply in this case. Thus, Hardy violated no constitutional rights of the plaintiffs when he challenged their IFP status, and the judgment denying their claims and dismissing the complaint is

AFFIRMED.