**In re Rainsford J. WINSLOW, Debtor.**

**Nos. 90–K–2245, 91–K–1428.**

United States District Court, D. Colorado.

Oct. 31, 1991.

Rainsford J. Winslow and Winifred Winslow, pro se.

Arthur Lindquist–Kleissler, Solomon & Lindquist–Kleissler, Robert J. Dyer, III, Stutz, Dyer & Miller, Philip A. Pearlman, Skeen & Pearlman, Denver, Colo., Carolyn Gail Hunter, Boulder, Colo., E. Ord Wells, Ft. Morgan, Colo., Christina C. Bauer, Brush, Colo. for creditors.

Leo M. Weiss, U.S. Trustee, Denver, Colo.

ORDER ON MOTIONS TO ALTER OR AMEND, MOTION TO VACATE CONTEMPT HEARING, MOTION FOR CLARIFICATION, MOTION FOR THE CONSTRUCTION OF JURY BOXES AND OBJECTION TO THE APPOINTMENT OF ATTORNEY KATCH

KANE, Senior District Judge.

Debtors have for the second time moved to alter or amend my judgment of September 4, 1991, 131 B.R. 171, in these cases, contending that I overlooked several of their arguments. I address their contentions seriatim.

First, the Debtors contend that the presiding bankruptcy judge, Judge Matheson, is biased and prejudiced against them and should be disqualified. Debtors state that I "have never reviewed this issue, except [to] deny any basis for disqualifying Judge Matheson." (Motion to Alter or Amend at 1.) Apart from the obvious inconsistency apparent on the face of this statement, I have considered this issue ad nauseam. The Debtors simply refuse to accept my judgment.

As I have advised the Debtors repeatedly, their feeling that Judge Matheson is personally biased against them is legally insufficient to support disqualification. The source of his bias must stem from some *extrajudicial* source, such as the judge's financial stake in the matter at hand or his personal knowledge, gained outside the courtroom, of the disputed facts of the case. *See* 13A Charles A. Wright et. al., *Federal Practice and Procedure*, § 3542 at 559 (1984). It is not sufficient that the judge "has ruled adversely to a party at an earlier stage ... has made remarks critical of a party or his lawyer or that there were other indications of friction.... A party cannot force disqualification by attacking the judge and then claim-

ing that these attacks must have caused the judge to be biased against him." *Id.* at 563–578. Nor will a statistical one-sidedness of the judge's evidentiary, factual or legal rulings against a party support disqualification. *See Southern Pac. Comm. v. American Tel. & Tel. Co.,* 740 F.2d 980, 995 (D.C.Cir.1984), *cert. denied,* 470 U.S. 1005, 105 S.Ct. 1359, 84 L.Ed.2d 380 (1985).

Here, I did not previously address the Debtors' complaints about Judge Matheson's bias because they were irrelevant to the question at issue in these cases: whether the bankruptcy court's proposed findings of fact and conclusions of law to support its contempt citations should be adopted as final. Since I remanded these cases for a determination whether the Debtors desired and were entitled to counsel in these contempt proceedings, the prospect of a new trial in both cases obviated the need to address the redundant allegations of judicial bias. My comments above, addressing the merits of these issues, are only intended to clarify that the Debtors' motion to alter or amend on this basis has no merit whatsoever.

■ Debtors further claim a right to jury trial on their accusation that Judge Matheson is biased, citing *Granfinanciera, SA v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). *Granfinanciera* provides absolutely no support for this contention. That case holds that a party who has not submitted a claim against the bankruptcy estate has the right to a jury trial in a preference action to recover a fraudulent conveyance. The right to a jury trial derives from the fact that fraudulent conveyance actions historically were actions at law, rather than equity, thereby entitling a defendant to a jury trial under the Seventh Amendment. *See id.* at 43–49, 109 S.Ct. at 2790–2794.

No such analogy can be made here. The judicial disqualification statutes describe the procedure by which, *in a pending action,* issues concerning the bias or prejudice of a judge are considered. *See* 28 U.S.C. §§ 144, 455. These statutes do not provide an independent cause of action for judicial disqualification, much less one to

which the right to a jury trial could conceivably attach under the *Granfinanciera* analysis. The decision whether to grant the request for disqualification in the pending action is that of the presiding judge or another assigned judge, not a jury. *See* 13A Charles A. Wright et. al., *supra,* § 3550 at 629. The Debtors' assertion of a right to jury trial under *Granfinanciera* is patently frivolous.

The Debtors next raise the familiar litany of assertions appearing in numerous pleadings they have filed in this court. They claim: (1) they did not get a fair trail before an impartial judge in state court, (2) two state court of appeals judges were unqualified to issue judgments against them, and (3) Morgan County and the Williams Group filed false proofs of claim against their bankruptcy estate, concealing the fact that the claims were based on state court judgments that had not been revived.

■ I hasten to point out that these matters have nothing to do with the contempt proceedings at issue in these cases. Again, I address them only to put an end to the Debtors' repeated assertion that no court has ruled on them. First, Debtors have no one to blame but themselves for their failure to have a hearing on the fair trial issue. In their appeal of the adverse state court judgments against them, they failed to file a transcript, and the appeal was dismissed with prejudice. *See Winslow v. Williams Group,* No. 89–M–1811, slip op. at 2 (D.Colo. May 8, 1990) (explaining the history of the Debtors' state court cases). The state court of appeals' judgment dismissing that appeal is entitled to full faith and credit in this court. *Id.,* slip. op. at 9.

Second, the Debtors argue that two state court of appeals judges hearing a subsequent appeal were improperly appointed. This issue has already been fully addressed by this court:

[Winslow's] argument is based on Winslow's reading of Article VI, section 5(b) of the Colorado Constitution, under which the Chief Justice of the Colorado Supreme Court may "assign any district, probate, or juvenile judge, or retired jus-

tice, district, probate or juvenile judge who consents, temporarily to perform judicial duties in any court." Winslow contends that because retired court of appeals judges are not included on this list, they are excluded by omission, and therefore cannot be appointed to serve by the Chief Justice. . . .

. . . .

The Colorado Supreme Court has supervisory power over all inferior state courts under Article VI, section 1 of the Colorado Constitution. Also, the constitutional provision on which Winslow bases his argument was last amended in 1966, three years before the Colorado Court of Appeals was created. Thus, the omission of retired Court of Appeals judges from this list does not evidence an intent to exclude such judges from serving as senior judge. Moreover, this is not the proper forum for Winslow to raise this objection. Any challenge to the makeup of the Court of Appeals panel should have been made in that court.

*Id.* at 8–9.

Third, the Debtors challenge the proofs of claim filed by two creditors, Morgan County and the Williams Group, claiming they were false and based on judgments not revived under Colorado law. The court has previously held that the claims are presumptively valid. *See id.* at 5, 7. Whether the judgments underlying these claims were properly revived affects their status as secured or unsecured, the subject of separate rulings by the bankruptcy court not at issue here.

Finally, the Debtors appealed the order containing the above rulings to the Tenth Circuit, which affirmed in all respects. *See Winslow v. Williams Group (In re Winslow),* 935 F.2d 278 (10th Cir.1991). Thus, these questions have been fully and finally adjudicated against the Debtors, and the doctrines of res judicata and collateral estoppel bar them from seeking reconsideration of the court's ruling in subsequent

actions. In plain English, the Debtors have lost on each of these issues. There is no further relief available. Debtors are advised that the assertion of arguments barred by the doctrines of res judicata or collateral estoppel in future filings in this court, particularly those described above, will be construed as willful contempt and will subject them to sanctions, including but not limited to the striking of the improper pleading. The motion to alter or amend is DENIED.

Debtors additionally move to vacate a hearing in the bankruptcy court set for November 8, 1991, for clarification of this court's order regarding the appointment of an attorney and for the construction of jury boxes in all bankruptcy courts in this district. Further, they have filed an objection to the appointment of attorney Michael E. Katch as their counsel in the contempt proceedings below. The motion for the construction of jury boxes is DENIED as patently meritless. The motion for clarification is GRANTED to the extent that the Debtors are informed that they are not entitled to appointed counsel of their own choosing, *United States v. Freeman,* 816 F.2d 558, 564 (10th Cir.1987); *United States v. Gipson,* 693 F.2d 109, 111 (10th Cir.1983), *cert. denied,* 459 U.S. 1216, 103 S.Ct. 1218, 75 L.Ed.2d 455 (1983), and the court may order them to pay for counsel "[i]f at any time after the appointment . . . the court finds [they are] financially able to . . . make partial payment for the representation." 18 U.S.C. § 3006A(c); *see id.,* § 3006A(f). The remaining motions are DENIED, as they concern the ongoing contempt proceedings in the bankruptcy court in which this court will not intervene.