**In re Rainsford J. WINSLOW, et. al., Debtors.**

**C. Gail HUNTER, Trustee, Plaintiff–Appellee,**

v.

**Rainsford J. WINSLOW, et. al., Defendants–Appellants.**

**Civ. A. No. 91–K–1721.**

United States District Court, D. Colorado.

Nov. 6, 1991.

---

534

See also 133 B.R. 532.

Rainsford J. Winslow, pro se.

Arthur Lindquist–Kleissler, Solomon & Lindquist–Kleissler, Denver, Colo., for C. Gail Hunter, U.S. Trustee.

E. Ord Wells, Ft. Morgan, Colo.

Robert J. Dyer, III, Paul G. Urtz, Stutz, Dyer & Miller, Denver, Colo.

Philip A. Pearlman, Skeen & Pearlman, Denver, Colo.

Christina C Bauer, Brush, Colo.

## ORDER GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS, DENYING MOTION TO VOID DEFAULT JUDGMENT AND DISMISSING APPEAL

KANE, Senior District Judge.

The Debtors commenced the instant appeal on September 24, 1991, contesting the bankruptcy court's ruling of September 18, 1991. In that ruling, the bankruptcy court refused to accept for filing the following four documents tendered by the Debtors because they did not show good cause for the relief requested: (1) a Motion to Disqualify Judge Sidney B. Brooks for Bias and Prejudice and Partiality to Winslow Adversaries, (2) a Verified Affidavit Concerning the Bias and Prejudice of Judge Sidney B. Brooks, (3) a Certificate of Good Faith, and (4) a Motion to Reconsider Brooks Court Order Dated 15 Jul [sic] 91 Concerning Restrictions of the Winslows' Ability to File Papers in this Case and for Money Damages/Sanctions Against the Winslows.

■ The Debtors moved on September 24, 1991 for permission to proceed in this appeal in forma pauperis. Although it is inadequate under the requirements of the in forma pauperis statute, *see* 28 U.S.C. § 1915(a) (requiring an affidavit justifying such relief); *see also Holmes v. Hardy*, 852 F.2d 151 (5th Cir.1988) (noting that past decisions regarding in forma pauperis status not determinative of present financial condition, citing *Carter v. United States*, 733 F.2d 735 (10th Cir.1984)), the motion is GRANTED.

■ I am authorized, however, to dismiss an in forma pauperis case "if satisfied that [it] is frivolous or malicious." 28 U.S.C. § 1915(d). The Debtors argue in their brief on appeal that (1) a default judgment issued by Judge Brooks on Janu-

ary 16, 1991 is void for lack of due process, (2) Judge Brooks had no authority to enter an order on July 15, 1991 restricting the Debtors' filing of pleadings, and (3) Judge Brooks should have disqualified himself for bias and prejudice. The first two issues concern judgments which the Debtors have not timely appealed. Therefore, I have no jurisdiction to reconsider them here.

■ While the third issue arguably is brought into question by this appeal, it is clear that the Debtors' arguments lack any colorable merit. The Debtors have repeatedly been informed that their allegations that various judges are personally biased against them are insufficient to support judicial disqualification, and I need not repeat that authority here. *See, e.g. In re Winslow*, 132 B.R. 1020, 1021–22 (D.Colo. 1991).

■ The Debtors further point to Judge Brooks' suggestion to opposing counsel that they file motions for summary judgment to expedite certain adversary proceedings pending against the Debtors as support for their disqualification motion. This does not indicate bias. "[D]istrict courts are widely acknowledged to possess the power to enter summary judgments sua sponte." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "As a practical matter, the court always can 'invite' the appropriate party to move under Rule 56 when it thinks the case is ripe for summary disposition." 10A Charles A. Wright et. al., Federal Practice and Procedure § 2720 at 27 (1983). There is simply no basis to suggest that Judge Brooks acted improperly.

Accordingly, this appeal is DISMISSED as frivolous under 28 U.S.C. § 1915(d). The Debtors' Motion to Void Default Judgment Combined with Motion to Require the Disqualification of Judge Brooks are DENIED as moot.