IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20140
Conference Calendar
_____

ANTONE RICHIE,

Petitioner-Appellant,

versus

WAYNE SCOTT, Director,
Texas Department of Criminal Justice,
Institutional Division,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CA-H-94-2635
- - - - - - - - - -
(October 25, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

Texas prisoner Antone Richie seeks a certificate of probable cause (CPC) to appeal the district court's dismissal without prejudice of his habeas corpus petition challenging the revocation of his parole. Richie requests that the court allow him to appeal in forma pauperis (IFP) and that counsel be appointed.

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

Although Richie's petition was brought under 28 U.S.C. § 2241, the district court construed the petition as one under 28 U.S.C. § 2254 and dismissed it for failure to exhaust state remedies.  As Richie does not contest the legality of his conviction or the validity of his initial sentence, the district court erred by construing his petition under § 2254.  Habeas petitions challenging the revocation of the petitioner's parole sound under § 2241.  Johnson v. Scott, No. 94-40942 (5th Cir. May 19, 1995) (unpublished; copy attached); Rome v. Kyle, No. 93-5551 (5th Cir. Nov. 30, 1994) (unpublished; copy attached).

Because the district court erred by treating the petition as one under § 2254, the appeal is not frivolous, and the motion for IFP is GRANTED.  Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir.), cert. denied, 488 U.S. 931 (1988).  Richie's motion for appointment of counsel is DENIED.  See 5th Cir. Plan Under the Criminal Justice Act, § 2; Schwander v. Blackburn, 750 F.2d 494, 502 (5th Cir. 1985).

The issuance of a CPC is unnecessary to establish appellate jurisdiction in this case because the detention that Richie complains of, revocation of parole, does not arise out of process issued by a State court.  28 U.S.C. § 2253.  Richie's motion for a CPC is DENIED AS UNNECESSARY.

Although § 2241 contains no exhaustion requirement, this court requires that a petitioner seeking relief under § 2241 first exhaust his state remedies.  See § 2241(c)(3); Rome, No. 93-5551, slip op. at 5-6.  The record indicates that Richie has not exhausted remedies with regard to the revocation of his

parole.  Therefore, the district court's dismissal of the petition for failure to exhaust is AFFIRMED.  See Bickford v. Int'l Speedway Corp., 654 F.2d 1028, 1031 (5th Cir. 1981) (reversal is inappropriate if ruling of district court can be affirmed on any grounds, regardless of whether those grounds were used by district court); see also Clark v. Williams, 693 F.2d 381, 381-82 (5th Cir. 1982) (the court may dispose of the appeal on the merits on a motion for IFP).

Richie's motions for bail, supplementation of the record and to expedite proceedings are DENIED.