IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10562
USDC No. 3:88CR00262
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WENSESLADA REYES-MOYA,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
- - - - - - - - - -
November 15, 1995
Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

This case is here on a motion to proceed in forma pauperis on appeal. This court may authorize Reyes-Moya to proceed IFP on appeal if she is unable to pay the costs of the appeal and the appeal is taken in good faith, i.e., the appeal presents nonfrivolous issues. 28 U.S.C. § 1915(a); Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir.), cert. denied, 488 U.S. 931 (1988).

Reyes-Moya argues that she should not have been held accountable for the quantity of drugs involved in the entire conspiracy because this court reversed her conspiracy conviction. She argues that the clarifying amendment to U.S.S.G. § 1B1.3,

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

which provides that a defendant's relevant conduct does not include the conduct of a member of the conspiracy prior to the defendant's joining the conspiracy, should be applied retroactively.  She further argues that the evidence does not support her conviction on Count 23 for aiding and abetting Adam Guerra-Marez in the distribution of heroin on November 2, 1988.  She alleges that Norma Aguilar, who was seeking to involve her in the drug conspiracy in order to get a sentence reduction for her mother, begged her to meet with Adam, that she gave in and agreed to meet, but that she had no intention of purchasing or distributing heroin.  Lastly, Reyes-Moya argues that her counsel "failed to adequately research prior Court's determinations in regards to the allegations in Count 23 and further failed to assert that the Appellant had no intentions of purchasing or aiding in the distribution of the heroin."  She argues that counsel failed to bring to the court's attention the fact that he had been contacted by Norma Aguilar, who advised him that she had lied in her trial testimony and during the Government's investigation regarding Reyes-Moya's involvement.  She also states that although counsel cannot be faulted for failing to raise the issue regarding the retroactive application of § 1B1.3, this court should review the district court's determination for plain error.

We have reviewed the record and the district court's opinion and find no issue of arguable merit.  Accordingly, we DENY IFP and DISMISS THE APPEAL AS FRIVOLOUS.  See 5th Cir. R. 42.2.