IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30160
Conference Calendar
_____

ANTHONY DOYLE,

                                        Plaintiff-Appellant,

versus

SLIDELL POLICE DEPARTMENT;
KEVIN SIMON, Detective; JAY STRAHAN,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 96-CV-3361-C
--------------------

December 15, 1999

Before JOLLY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Anthony Doyle, Louisiana prisoner # 243310, has filed a
motion for leave to proceed in forma pauperis ("IFP") on appeal.
By moving for IFP, Doyle is challenging the district court's
certification that his appeal of the dismissal of his 42 U.S.C.
§ 1983 civil rights lawsuit is not taken in good faith.  See
Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Doyle contends that, although he resisted arrest, officers used unreasonable and excessive force in spraying him with pepper spray after he was handcuffed.  He also contends that the magistrate judge erred in refusing to allow him to present documentary evidence, including medical reports which show that he sustained injury to his eyes.  Doyle is arguing merely that the magistrate judge erred by not believing his version of events, but this court will not revisit the magistrate judge's credibility determinations.  See Fed. R. Civ. P. 52(a); Kendall v. Block, 821 F.2d 1142, 1146 (5th Cir. 1987).

Doyle has not argued a nonfrivolous issue for appeal, and the magistrate judge was correct in certifying that his appeal is not taken in good faith.  Accordingly, the IFP motion is DENIED.  See Baugh, 117 F.3d at 202; Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir. 1988).  Because Doyle has not demonstrated a nonfrivolous issue for appeal, the appeal is DISMISSED.  See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

If his motion is liberally construed, Doyle also seeks preparation of the trial transcript at government expense.  He has not demonstrated that a transcript is needed, and the motion is DENIED.  Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985).  Doyle's motion for the appointment of appellate counsel is DENIED as unnecessary.

This court's dismissal of Doyle's appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  Doyle is

CAUTIONED that if he accumulates three "strikes" under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.