IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30420
Conference Calendar

_____

FRANK DARRYL STEWART,

Plaintiff-Appellant,

versus

RICHARD L. STALDER, Secretary, Department of Public Safety and
Corrections; JOHNNY CREED; MIKE FOSTER; RICHARD IEYOUB; JANE DOE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 98-CV-1002-C
--------------------
February 16, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Frank Darryl Stewart, Louisiana prisoner No. 243582, has filed a motion for leave to proceed in forma pauperis ("IFP") on appeal. By moving for IFP, Stewart is challenging the district court's certification that his appeal of the dismissal of his 42 U.S.C. § 1983 civil rights lawsuit is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Stewart challenges the constitutionality of the Louisiana good-time statutes; however, as Stewart has asserted his intention to refuse to comply with the conditions necessary for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

early release, he is in no danger of being wrongfully released prior to the expiration of his term of imprisonment and, as an incarcerated inmate, he is in no personal danger of being harmed by inmates released granted an early release. Thus, the district court did not err in its determination that Stewart lacks standing to bring this lawsuit. Allen v. Wright, 468 U.S. 737, 751 (1984); Hang On, Inc. v. City of Arlington, 65 F.3d 1248, 1251 (5th Cir. 1995).

Stewart has not argued a nonfrivolous issue for appeal, and the district court was correct in certifying that his appeal is not taken in good faith. Accordingly, the IFP motion is DENIED. See Baugh, 117 F.3d at 202; Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir. 1988). Because Stewart has not demonstrated a nonfrivolous issue for appeal, the appeal is DISMISSED. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The district court's dismissal of Stewart's complaint and this court's dismissal of his appeal as frivolous count as two "strikes" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Stewart is CAUTIONED that if he accumulates three "strikes" under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

MOTION FOR IFP DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.