IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10191
Conference Calendar

_____


CLYDE NUBINE,

                                        Plaintiff-Appellant,

versus

JANICE RALSTON SONS, Judge,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:99-CV-209-R
--------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Clyde Nubine, Texas prisoner # 398312, has filed a motion for leave to proceed *in forma pauperis* (IFP) on appeal, following the dismissal of his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  By moving for IFP status, Nubine is challenging the district court's certification that IFP status should not be granted on appeal because his appeal presents no nonfrivolous issues and is not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Nubine argues that the district court erred in dismissing his claim against Judge Sons as frivolous. He argues that Judge Sons is liable in her individual capacity for failing to file with the clerk of court a document that Nubine sent directly to her. Because Judge Sons did not have an affirmative duty to file the pleading that Nubine sent to her under Tex. Civ. Proc. R. 74 and because she did not act in the absence of all jurisdiction, the district court did not err in holding that Judge Sons was entitled to absolute immunity. See Krueger v. Reimer, 66 F.3d 75, 77 (5th Cir. 1995); Malina v. Gonzales, 994 F.2d 1121, 1124 (5th Cir. 1993).

Nubine also argues that the Prison Litigation Reform Act (PLRA) is unconstitutional. Nubine has not shown that the district court erred in denying his Fed. R. Civ. P. 59(e) motion in which he raised this claim. Nubine has not cited any legal authority to support his claim that the PLRA is unconstitutional under the Separation of Powers Clause, the Privileges and Immunities Clause, or the Due Process Clause.

Nubine has not shown that he will raise a nonfrivolous issue on appeal. See Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir. 1988); Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Nubine's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The district court's dismissal of Nubine's § 1983 action counts as a "strike" for purposes of 28 U.S.C. § 1915(g), and the dismissal of this appeal as frivolous also counts as a "strike"

for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  Nubine is warned that if he accumulates a third "strike," he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).  Nubine is cautioned to review any pending pleadings or appeals to ensure that they do not raise any frivolous claims.

IFP MOTION DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.