**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-30198
Summary Calendar

CARLOUS T LEWIS

Plaintiff-Appellant

v.

RICHARD BRAZZEL, Acting Warden Union Parish Detention Center; DONNIE ADAMS, Captain at Union Parish Detention Center; JAMES HARRIS; BOB BUCKLEY, Sheriff Union Parish

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:07-CV-1227

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Carlous T. Lewis, Louisiana prisoner # 102982, moves for leave to proceed in forma pauperis (IFP) on appeal following the dismissal as frivolous and for failure to state a claim of his 42 U.S.C. § 1983 civil rights lawsuit. By moving for IFP, Lewis challenges the district court's denial of IFP and certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 1997); FED. R. APP. P. 24(a). This court may authorize Lewis to proceed IFP on appeal if the appeal presents a nonfrivolous issue. 28 U.S.C. § 1915(a)(1); *see Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir. 1988). The inquiry into Lewis's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Lewis contends that his complaint was improperly dismissed, and he renews his claims that officials at the Union Parish Detention Center (UPDC) violated his Eighth Amendment rights when they forced him to wear shower shoes to court and when they denied him medical treatment. He does not brief any argument regarding the claims that he was forced to pay part of his medical costs, that his due process rights were violated when he was placed in the "hole," that UPDC officials discriminated against him, or that he was improperly assigned a top bunk. Accordingly, he has abandoned those claims. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Lewis additionally argues, for the first time on appeal, that UPDC officials and state courts violated his due process rights when they ignored his administrative grievance and civil complaint. These new claims will not be considered. *See Shanks v. AlliedSignal, Inc.*, 169 F.3d 988, 993 n.6 (5th Cir. 1999); *Burch v. Coca-Cola Co.*, 119 F.3d 305, 319 (5th Cir. 1997).

The district court determined that the Eighth Amendment claims failed because Lewis had not demonstrated that UPDC officials were deliberately indifferent to his safety or health. It found that Lewis's allegations amounted to, at most, a claim for negligence, which did not give rise to a constitutional violation. Lewis now asserts that he is entitled to redress for negligence under the Eighth Amendment. He is incorrect. Allegations comprising negligence are insufficient to state a claim under the Eighth Amendment. *See Adames v. Perez*, 331 F.3d 508, 514 (5th Cir. 2003); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Lewis additionally contends that UPDC officials were deliberately

indifferent in failing to provide him with shoes for court. However, he briefs no argument that UPDC officials knew he faced a serious risk of harm from a fall if he wore shower slippers to court but willfully disregarded that risk, and the claim therefore fails. *See Yohey*, 985 F.2d at 224-25; *see also Farmer*, 511 U.S. at 847.

Lewis further argues that he was denied medical care after his fall at the courthouse. To the extent that Lewis raises a new claim that he thrown into the hole following his fall and denied any medical care, it should not be considered. *See Shanks*, 169 F.3d at 993 n.6. Moreover, the claim is defeated by the allegations of Lewis's complaint acknowledging that he was taken to the hospital after his fall. To the extent that Lewis seeks to renew his original claim that he was denied adequate medical care when he was denied prescription medication and chiropractor visits, a very liberal construction of his appellate brief, he has not shown any error in connection with the dismissal of the claim. Lewis's allegations show only disagreement with the medical treatment he received, or, at worst, negligence, either of which is insufficient to give rise to a claim for deliberate indifference. *See Varnado*, 920 F.2d at 321.

Lewis has not demonstrated a nonfrivolous ground for appeal. Accordingly, his IFP motion is denied, and the appeal is dismissed. *See Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2. Both the district court's dismissal of Lewis's lawsuit and this court's dismissal of the instant appeal count as "strikes" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). Lewis is cautioned that if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED; 5TH CIR. R. 42.2; SANCTION WARNING ISSUED.