# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 7, 2010

No. 09-50315
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADAM EUGENE MARTIN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:03-CR-250-1

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Adam Eugene Martin, federal prisoner # 39706-180, was convicted by a jury of eight counts of bank robbery. Martin was sentenced to life imprisonment. The district court denied Martin's request for DNA testing. The district court denied Martin's motion to proceed in forma pauperis (IFP) on appeal and certified that his appeal was not taken in good faith. Martin now moves to proceed IFP in this court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A prisoner who contests the district court's certification decision must direct his IFP motion solely to the district court's reasons for the certification decision. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court may authorize Martin to proceed IFP on appeal if the appeal presents a nonfrivolous issue. *See* 28 U.S.C. § 1915(a)(1); *Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir. 1988). The inquiry into Martin's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Section 3600 of Title 18 provides individuals under a federal sentence of imprisonment with an opportunity to move for post-conviction DNA testing. The court that entered the defendant's judgment of conviction is to order DNA testing of specified evidence if 10 prerequisites are met. *See* § 3600(a)(1)-(10). Most relevant to this appeal, the applicant is required to identify a theory of defense that would establish his "actual innocence," and the applicant must show that "[t]he proposed DNA testing of the specific evidence may produce new material evidence that would . . . raise a reasonable probability that the applicant did not commit the offense." § 3600(a)(6), (8).

Whether DNA testing would produce a "reasonable probability" that Martin did not commit the robberies, as required under § 3600(a)(8), is a question of law that is reviewed de novo. *See United States v. Fasano*, 577 F.3d 572, 575 (5th Cir. 2009). The district court's "underlying fact findings are reviewed only for clear error." *Id.*

As the district court determined, the evidence of Martin's guilt is overwhelming and includes testimony from Martin's co-defendants regarding Martin's participation in the robberies, as well as letters written by Martin that amount to a confession. Martin makes no attempt to explain how DNA testing would raise a reasonable probability that he did not commit the bank robbery offenses, so as to satisfy the requirements of § 3600(a)(8). Martin has not demonstrated that he has a nonfrivolous issue for appeal, and the record shows

2

that he has no grounds for obtaining DNA testing.  Accordingly, Martin's IFP motion is denied, and his appeal is dismissed as frivolous.  5TH CIR. R. 42.2; *see Baugh*, 117 F.3d at 202; *Howard*, 707 F.2d at 219-20.

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS.