[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14920
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 20, 2011
JOHN LEY
CLERK

D. C. Docket No. 99-00018-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL CRAIG PUGH,
a.k.a. Crucito Solano Serrano,
a.k.a. Michael Craig Munjakaze Kiserian,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 20, 2011)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Craig Pugh, a *pro se* federal prisoner, appeals the district court's denial of his motion to reconsider his motion for new DNA testing pursuant to 18 U.S.C. § 3600. Pugh argues that the Government did not meet its burden under 18 U.S.C. § 3600(a)(4) to show that the evidence he sought to have tested was destroyed.[1]

We review both criminal and civil motions to reconsider under an abuse of discretion standard. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004) (criminal); *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1121 (11th Cir. 2004) (civil). The interpretation of a statute is a question of law which we review *de novo*, and the district court's factual findings are reviewed for clear error. *See, e.g.*, *United States v. Simmons*, 368 F.3d 1335, 1338 (11th Cir. 2004) (interpreting the Sentencing Reform Act of 1984).

---

[1] We reject the Government's argument that Pugh's appeal was untimely. In a civil case where the United States is a party, the notice of appeal must be filed within 60 days of the date the order appealed from is entered on the docket. Fed.R.App.P. 4(a)(1)(B). Post-conviction proceedings are considered "civil in nature," and, therefore, they are subject to this 60-day appeals period rather than the 14-day period of Federal Rule of Appellate Procedure 4(b)(1)(A)(i). *See Barbour v. Haley*, 471 F.3d 1222, 1231 (11th Cir. 2006). Further, a notice of appeal filed by a *pro se* prisoner is deemed filed on the date the prisoner delivers it to prison authorities or places it in the prison mail system. *See* Fed.R.App.P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 275-76, 108 S. Ct. 2379 (1988). Absent contrary evidence, we will assume that a prisoner's filing "was delivered to prison authorities the day he signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Pugh delivered his notice of appeal to prison authorities 26 days after the district court's opinion was issued, falling safely within the 60 days.

Under 18 U.S.C. § 3600, "an individual under a sentence of imprisonment" may file a written motion for the DNA testing of specific evidence. 18 U.S.C. § 3600(a). The district court may order this testing if it finds that ten conditions apply. *Id.* The only condition at issue in this case is § 3600(a)(4), which states:,

> The specific evidence to be tested is in the possession of the [g]overnment and has been subject to a chain of custody and retained under conditions sufficient to ensure that such evidence has not been substituted, contaminated, tampered with, replaced, or altered in any respect material to the proposed DNA testing.

§ 3600(a)(4).

Federal Rule of Appellate Procedure 10(e)(2)(B) provides that, "If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded . . . by the district court before or after the record has been forwarded." We can affirm a summary judgment on grounds other than those relied upon by the district court. Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350, 1354 (11th Cir. 2009).

Here, the district court clearly erred in adopting the magistrate judge's factual finding that the government showed that the evidence Pugh sought to have tested was destroyed. The Government offered no evidence before the district court in support of this assertion. However, since that time, the Government has

moved to supplement the record on appeal and submitted the evidence log of the

Escambia County Sheriff's Office. The district court granted the Government's

motion and we note that the record log shows that items 7 and 8, hand made

masks, have been destroyed. To the extent that Pugh argues the Government

violated the strictures of § 3600 when it destroyed the evidence, we reject that

argument because the Sheriff's Office destroyed the evidence before § 3600

became law and thus it was not bound by any of § 3600's preservation mandates.[2]

Because there is no evidence to submit to testing, we affirm the district court's

decision.

**AFFIRMED.**

---

[2] Section 3600 was enacted on October 30, 2004, while the evidence was destroyed on June 21, 2004.