**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 3, 2011

No. 11-30261
Summary Calendar

Lyle W. Cayce
Clerk

DENNIS SEARS,

Plaintiff-Appellant

v.

KATHLEEN BABINEAUX BLANCO, Governor; RICHARD L. STALDER, Secretary (Department of Corrections); BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY; RONALD COX, Chairman Pardon Board; LARRY CLARK, Chairman of the Louisiana Board of Pardons; EUGENE "POP" HATAWAY, Member of the Louisiana Board of Pardons; CLEMENT LAFLEUR, JR., Member of the Louisiana Board of Pardons; KENNETH A. JONES, Member of the Louisiana Board of Pardons; HENRY W. "TANK" POWELL, Member of the Louisiana Board of Pardons; BOBBY JINDAL, Governor of the State of Louisiana; JAMES M. LEBLANC, Secretary of the Louisiana Department of Public Safety and Corrections,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CV-694

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30261

Dennis Sears, Louisiana prisoner # 74681, moves for leave to proceed in forma pauperis (IFP) on appeal following the district court's denial of his IFP motion and certification that his appeal is not taken in good faith. By moving to proceed IFP, Sears challenges the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court may authorize Sears to proceed IFP on appeal if the appeal presents a nonfrivolous issue. 28 U.S.C. § 1915(a)(1); *see Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir. 1988).

Sears alleged that the defendant state governor and members of the Louisiana Board of Pardons—Governor Bobby Jindal, Larry Clark, Eugene Hathaway, Kenneth A. Jones, Henry Powell, and Clement LaFleur, Jr.—should be enjoined from using changes in Louisiana's pardon process instituted after his 1971 indictment and subsequent conviction and sentence for murder because the changes "effectively alter or extend [his] prison terms" in violation of ex post facto provisions contained in the United States Constitution and the Louisiana Constitution. The defendants moved for summary judgment, alleging that Sears's complaint was time barred by the Louisiana liberative prescription of one year applicable to delictual actions. Sears argued, inter alia, that his complaint was timely under the doctrine of contra non valentem. He reasoned that the doctrine applied because he was unable to bring a § 1983 challenge to Louisiana's pardon procedures until the Supreme Court issued its opinion in *Wilkinson v. Dotson*, 544 U.S. 74 (2005) (holding that the claims of two state prisoners challenging the validity of state procedures for determining parole eligibility were properly brought under § 1983 and did not have to be brought in a habeas proceeding). The district court granted summary judgment in favor of the movants, and it also dismissed the claims against Cain and LeBlanc as frivolous.

Sears does not dispute (1) the district court's finding that he had actual or constructive knowledge as early as 1977 that the 1974 constitutional changes had been applied to his sentence or (2) the district court's finding that he knew

or should have known that laws, policies, and practices concerning sentence commutation that had been enacted or adopted thereafter had been applied retroactively to his sentence in 1997 when he sought to have it commuted. Instead, he reiterates his contention that the doctrine of contra non valentem applies to save his claims from a time-bar dismissal.

Sears's reliance on *Wilkinson* is misplaced. We have long adhered to the rule that *Wilkinson* later stated for all federal courts. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (holding that § 1983 was the proper vehicle for a prisoner's challenge, on due process and ex post facto grounds, to parole procedures that, were the challenge successful, "would not automatically entitle [him] to accelerated release"); *see also Serio v. Members, Louisiana State Board of Pardons*, 821 F.2d 1112, 1118 (5th Cir. 1987). Thus, Sears has failed to show that prescription had not run on his claims when he filed his § 1983 action in 2006. *See Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002).

Additionally, a failure to reach a result desired by a prisoner-grievant is not a deprivation of due process. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). Accordingly, the district court did not abuse its discretion in dismissing Sears's claims against LeBlanc and Cain as frivolous. *See Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).

Sears has not shown that his appeal is taken in good faith, i.e., that it presents a nonfrivolous issue. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). A nonfrivolous issue is one that does not "lack an arguable basis in law or fact." *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001). Accordingly, we must deny Sears's IFP motion, *see Carson*, 689 F.2d at 586, and dismiss this appeal. *See* 5TH CIR. R. 42.2.

The district court's partial dismissal of the complaint as frivolous and this court's dismissal of this appeal as frivolous counts as strikes for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996);

No. 11-30261

*Patton v. Jefferson Correctional Center*, 136 F.3d 458, 460-64 (5th Cir. 1998). Sears is cautioned that if he accumulates three strikes under § 1915(g) he will be unable to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

MOTION TO PROCEED IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.