# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 20, 2013

No. 12-50299
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DWAUN JABBAR GUIDRY,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:04-CR-254-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Dwaun Jabbar Guidry, federal prisoner # 43363-180, appeals the denial of his motions for post-conviction DNA testing pursuant to 18 U.S.C. § 3600 and disclosure of stored DNA samples and DNA analyses for criminal defense purposes pursuant to 42 U.S.C. § 14132(b)(3)(C). The district court denied Guidry leave to proceed in forma pauperis (IFP) on appeal, and Guidry seeks leave to proceed IFP on appeal from this court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50299

We may authorize an appellant to proceed IFP on appeal if the appeal is taken in good faith, i.e., if the appeal presents a nonfrivolous issue. *See* 28 U.S.C. § 1915(a)(1); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). The inquiry into an appellant's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard*, 707 F.2d at 220 (citation omitted).

Guidry filed his notice of appeal on March 29, 2012, 56 days after the district court denied his motions on February 2, 2012. Thus, if the proceedings in the district court were criminal in nature, Guidry's notice of appeal was untimely, and if the proceeding were civil in nature, Guidry's notice of appeal was timely. *See* FED. R. APP. P. 4(a)(1)(B), (b)(1)(A). Guidry's argument that his notice of appeal was timely presents a nonfrivolous issue for appeal. *See United States v. Pugh*, 426 F. App'x 876, 876 n.1 (11th Cir. 2011), *cert. denied*, 132 S. Ct. 1725 (2012). However, the merits of Guidry's appeal do not.

Section 3600 of Title 18 provides individuals under a federal sentence of imprisonment with an opportunity to move for post-conviction DNA testing. The court that entered the defendant's judgment of conviction is to order DNA testing of specified evidence if 10 prerequisites are met. *See* § 3600(a)(1)-(10). One of the prerequisites provides that the applicant must show that "[t]he proposed DNA testing of the specific evidence may produce new material evidence that would . . . raise a reasonable probability that the applicant did not commit the offense." § 3600(a)(8). Section 14132(b)(3)(C) of Title 42 provides that the federal DNA index shall include records only from entities including federal, state, and local law enforcement agencies that store DNA information and allow release of DNA information only for limited purposes including "for criminal defense purposes, to a defendant, who shall have access to samples and analyses performed in connection with the case in which such defendant is charged."

Guidry asserts that the DNA testing he requested may produce new evidence that would raise a reasonable probability that he did not sexually assault Denise Limon.  He maintains that the unknown DNA on Limon's clothing was from spermatozoa and that learning the identity of the person who was the source of that DNA would prove that Limon had lied when she testified that she had sex only with her fiancé and her assailant.

Contrary to Guidry's assertion, the record shows that the DNA from the unknown individuals was not from sperm.  Thus, it is not reasonably probable that determining the identity of the unknown persons whose DNA was on Limon's clothing and in the patrol car would lead to the discovery of a person who had sex with Limon and would contradict Limon's testimony.  The presence of the DNA from unknown individuals was raised at trial, and Guidry has not shown that any additional probative evidence would result from learning the identities of the unknown individuals.  The record shows that Guidry has not shown grounds for obtaining DNA testing, and his appeal presents no substantive nonfrivolous issues.  *See Howard*, 707 F.2d at 220; *United States v. Martin*, 377 F. App'x 395, 396 (5th Cir. 2010).  Accordingly, Guidry's motion for leave to proceed IFP on appeal is denied, and the appeal is dismissed as frivolous.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 5TH CIR. R. 42.2.

MOTION FOR LEAVE TO PROCEED IFP ON APPEAL DENIED; APPEAL DISMISSED AS FRIVOLOUS.